2007 OK CIV APP 88

**Katherine A. CLARK, Plaintiff/Appellant,**

v.

**Carolyn RALSTON, Defendant/Appellee,**

**and**

**Deaconess Hospital and Hanya A. Habib, Defendants.**

**No. 104,128.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Aug. 10, 2007.

---

**414**

Randy P. Conner, Oklahoma City, OK, for Plaintiff/Appellant.

Beverly S. Pearson, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, OK, for Defendant/Appellee.

JANE P. WISEMAN, Judge.

¶ 1 In this medical negligence suit against a nurse and hospital, Katherine A. Clark appeals the trial court's dismissal of the nurse, Carolyn Ralston, for failure to serve her with summons within 180 days under 12 O.S. Supp.2006 § 2004(I). The issue on appeal is whether the trial court abused its discretion in dismissing Clark's petition against Ralston. After reviewing the record and pertinent law, we conclude that the trial court did not err in granting the motion to dismiss, and we affirm the trial court's dismissal.

### FACTS AND PROCEDURAL BACKGROUND

¶ 2 Clark originally filed suit on December 9, 2002, claiming negligence against Deaconess Hospital, Dr. Hanya Habib, and Ralston, a nurse anesthetist, during a surgical procedure in December 2000. Ralston was never served with process, and the case was dismissed on October 16, 2003, on motions by Hospital and Dr. Habib. Clark refiled her lawsuit on October 15, 2004, against the same defendants and obtained service on Hospital and Habib. She also served a "Carolyn Ralston" on December 8, 2004, who is not, however, the certified nurse anesthetist named in the lawsuit.

¶ 3 In a separate case, Hospital's insurer, Hospital Casualty Company, was placed in receivership by Oklahoma County District Court order filed August 6, 2004, an order which also enjoined further prosecution of pending actions against the insurer or its insureds. By order entered August 25, 2004, this stay was modified to be mandatory for 120 days from August 6, 2004. The record does not affirmatively indicate whether Clark's counsel was aware of these proceedings. The mandatory stay was lifted on January 25, 2005.

¶ 4 The "Carolyn Ralston" who was served in December 2004 never entered an appearance or responded to Clark's petition in any way. The record does not disclose how or when Clark's counsel discovered that the wrong "Carolyn Ralston" had been served. On July 24, 2006, Clark filed an application to

serve alias summons[1] which the trial court granted on August 2, 2006, without objection from Hospital.[2] The correct Carolyn Ralston was served on August 15, 2006. She filed a motion to dismiss on August 31, 2006, for Clark's failure to serve her within the required 180 days and failure to show good cause for the delay in service as required under 12 O.S. Supp.2006 § 2004(I). The trial court granted the motion and entered its order of dismissal, which was filed on November 27, 2006, from which Clark now appeals.[3]

## STANDARD OF REVIEW

██ ¶ 5 Dismissal under 12 O.S. Supp.2006 § 2004(I) is discretionary after the 180–day statutory period for serving a defendant. *Fischer v. Baptist Health Care of Oklahoma*, 2000 OK 91, ¶ 6, 14 P.3d 1292, 1293. "The trial court will be reversed only upon a showing of an abuse of discretion." · *Id.* (*citing Mott v. Carlson*, 1990 OK 10, ¶ 6, 786 P.2d 1247, 1249).

## ANALYSIS

██ ¶ 6 The pertinent language in § 2004(I) is:

If service of process is not made upon a defendant within one hundred eighty (180) days after the filing of the petition and the plaintiff cannot show good cause why such service was not made within that period, the action may be dismissed as to that defendant without prejudice upon the court's own initiative with notice to the plaintiff or upon motion.

Ralston argued in her motion to dismiss that "[t]he plaintiff bears the burden of showing good cause for her long delay in serving Ralston. She has failed to make such a showing." As to the issue of "good cause," this is a correct statement of the law under § 2004(I) and the holding in *Mott*, 1990 OK 10 at ¶ 11, 786 P.2d at 1250: Clark as the plaintiff has the burden of showing good cause for not obtaining service on the correct "Carolyn Ralston" within the statutory 180 days.

¶ 7 Clark argued in her response to the motion that (1) the trial court had found "good cause" when it granted her an additional 30–day period to serve the correct Ralston after the 180 days had passed; (2) Ralston is required to show prejudice from the delay in service; and (3) because Ralston has never filed an answer, it was impossible for Clark to determine whether Hospital was denying Clark's allegation that Ralston was Hospital's agent and employee.

¶ 8 Hospital filed an objection to Clark's assertion regarding agency in which it stated that Hospital had denied that Ralston was its employee in its answer to the original 2002 lawsuit.[4] It further took issue with Clark's implication in her response that Hospital "endorsed [her] application [to serve alias summons] or otherwise agreed that there was a factual basis for the application." Hospital stated that it did not then object to Clark's application because it did not concern Hospital or any of its employees and Hospital did not have standing to object to the application.

¶ 9 After a hearing, the trial court granted Ralston's motion, finding that Clark had failed to show good cause for not serving this

---

1. In this application, Clark asserted that, "This case was in receivership and subject to judicial stay for a period in excess of 8 months due to the bankruptcy of the insurance carrier of ... Hospital." It is clear from the record that the stay lasted less than 6 months (from August 6, 2004, until January 25, 2005) and that Clark attempted to serve Ralston during that time, resulting in the incorrect service of December 2004. This is not a ground pressed by Clark in her response to Ralston's motion to dismiss as a reason for the delay in service.

2. In a December 14, 2005, order which was not appealed, the trial court had previously dismissed Habib.

3. Clark entered into a settlement with Hospital after this appeal was filed, culminating in Hospital's dismissal with prejudice filed January 5, 2007. With Habib's dismissal and the dismissal of Hospital, this November 2006 dismissal of Ralston became a final appealable order.

4. We are unable to ascertain the correctness of this assertion-the record does not include the answer and, presumably, Hospital filed its successful motion to dismiss in the previous case before an answer was required.

defendant within 180 days and dismissing Clark's lawsuit against her.

¶ 10 The use of the word "may" in § 2004(I) indicates that dismissal is discretionary. *Fischer*, 2000 OK 91 at ¶ 6, 14 P.3d at 1293. We adhere to the well-established benchmark that "[a] trial court adjudication of 'good cause' is reviewed on appeal using an abuse of discretion standard." *Boston v. Buchanan*, 2003 OK 114, ¶ 16, 89 P.3d 1034, 1040.

¶ 11 The Oklahoma Supreme Court in *Fischer* confronted facts very similar to the instant case: a trial court dismissal of a refiled suit for medical negligence based on plaintiff's failure to show good cause for not serving defendants within 180 days as required by § 2004(I). The Supreme Court found that the plaintiff had shown good cause for the delay in service and concluded that the trial court had, indeed, abused its discretion in dismissing the case for the delay. *Fischer*, 2000 OK 91 at ¶ 9, 14 P.3d at 1294.

¶ 12 In spite of these similarities, a comparison of *Fischer* to this case leads this Court to a different conclusion. In *Fischer*, the plaintiff served the defendants 43 days after the 180–day period, and plaintiff's counsel, concerned about the validity of the action and the possibility of sanctions under 12 O.S. § 2011 for filing and pursuing frivolous actions, delayed serving the defendants until just after receipt of his expert's written report. The Supreme Court found that "[f]ear of section 2011 sanctions under the facts of this case is good cause for justifying the 43 day delay in service." *Fischer*, 2000 OK 91 at ¶ 9, 14 P.3d at 1294.

¶ 13 In the instant case, the time from filing the petition (October 15, 2004) until service on Ralston (August 15, 2006) is 20 months, which is 14 months or approximately 420 days beyond the 180–day period of § 2004(I) and well beyond the 43 days in *Fischer*. It is nearly six years after the surgical procedure giving rise to the lawsuit and nearly four years after the original suit was filed.

¶ 14 The lengthy delay alone, however, is not dispositive—a plaintiff may well have good and substantive reasons for such a delay, and the trial court's exercise of its discretion in examining the circumstances is the key factor. Tellingly, the record does not disclose when Clark or her counsel learned that the wrong "Carolyn Ralston" had initially been served. As Ralston points out, after this initial (incorrect) service on December 8, 2004, Clark took no further action against this incorrect defendant on the strength of this service by seeking default judgment, for instance. Further action could well have revealed the problem with the identity of the person served. There is no explanation in the record for the delay in effecting service on the true defendant from December 8, 2004, until August 15, 2006, more than 21 months.

¶ 15 Although Clark argues that the trial court had found good cause when it allowed her an additional 30–day period to serve Ralston, the trial court did not have the benefit of the affected party's argument and objection at the time this extension was granted.[5] The trial court is fully at liberty to exercise its discretion in determining good cause for delay in service when considering a motion to dismiss based on § 2004(I). Having granted additional time, the trial court is not constrained by this decision and has the discretion to dismiss under this section if, on disclosure of additional facts and circumstances, it concludes that good cause is lacking.

¶ 16 Clark's additional proposition that Ralston must show prejudice from the delay derives from the following language in *Fischer:* "When a plaintiff shows good cause for delay in service and the defendant fails to show prejudice, the trial court abuses its discretion if it dismisses the petition based on the delay." *Fischer*, 2000 OK 91 at ¶ 7, 14 P.3d at 1293. This language in *Fischer* first requires a plaintiff to show good cause; once the plaintiff has done so, then the defendant must show prejudice from the delay. The trial court correctly concluded that Clark failed to show good cause for the delay in service, and Ralston's obligation to demonstrate prejudice was never triggered.

---

5. *See also* n.1 *supra.*

¶ 17 As to Clark's final good cause argument, that it was impossible to determine whether Hospital was denying that Ralston was its employee, it is difficult to ascertain why this excuses a 20–month delay. It is not clear what connection Clark wishes to draw between Hospital's position on Ralston's employment and Clark's delay in serving Ralston. There are other mechanisms for discovering Hospital's position on Ralston's status vis-à-vis the Hospital, such as requiring Hospital to file an answer and pursuing discovery on this issue. Obtaining service on the correct Ralston would also have required Ralston at some point to take a position in her answer on this employment relationship assertion. Waiting for 14 months beyond the 180–day period to effect service because Hospital has not affirmatively admitted or denied a nurse's employment status does not constitute good cause under § 2004(I).

¶ 18 Under these circumstances, the trial court did not abuse its discretion in granting Ralston's motion to dismiss.

## CONCLUSION

¶ 19 After review of the record presented and pertinent law on the question of trial court discretion in determining good cause for delay in service under § 2004(I), we conclude that the trial court correctly determined that Clark failed to show good cause for the delay and that dismissal under § 2004(I) was appropriate. The trial court's dismissal is affirmed.

¶ 20 **AFFIRMED.**

RAPP, C.J., and FISCHER, P.J., concur.