## MORTON et al. v. CENTRAL NAT. BANK OF OKMULGEE.

No. 23809.  April 9, 1935.

L. O. Lytle and George C. Beidleman, for plaintiffs in error.

John C. Warnock and A. H. McLain, for defendant in· error.

PER CURIAM. Judgment was obtained by the Central National Bank of Okmulgee, Okla., a corporation, against Wm. P. Morton and Walter W. Morton, the suit being based upon a promissory note, and from that judgment this appeal has been taken.

Defendants, in their answer, alleged "that they made and entered into an agreement with the plaintiff by which defendants were to pay the sum of $500 to apply on said alleged indebtedness and plaintiff was to extend the time of payment of said alleged note for a period of 90 days and defendants now tender the sum of $500 into court in compliance with said agreement." This answer was filed in the case on October 30, 1929. To this answer the bank filed a verified reply, and thereafter the defendants filed an amended answer in which they alleged the same extension agreement as set out in their original answer, and for a further defense denied that plaintiff was the owner of the note sued upon and denied that it had any interest therein, and alleged that the note was the property of the American National Bank of Okmulgee, Okla. To this amended answer the plaintiff filed a reply and admitted that it was not then the owner of said note, and admitted that on May 17, 1930, the directors and stockholders of the American National Bank individually paid to the plaintiff bank the face value of said note, and that at that time plaintiff transferred to them all of its interest in said note, and further agreed to prosecute the suit to judgment and to assign said judgment to said individuals after it had been obtained, and further alleged that it was the proper party to prosecute the action; and thereafter, on the day before the trial, to wit, December 7, 1931, an amendment to the amended answer was filed in which the defendants alleged a material alteration in the note, to which amendment to the amended answer a reply was filed, alleging an estoppel as against the defendants to raise the question of an alteration of the note.

At the close of all the evidence the plaintiff moved the court for an instructed verdict which motion was sustained, and a verdict for the plaintiff was returned by the jury.

Plaintiffs in error in their original brief urge as error, first, "that the court committed material error of law which greatly prejudiced your plaintiffs in error in peremptorily instructing the jury to return a verdict in favor of the defendants in error"; and, second, "said court committed material error of law in admitting in evidence, over objection, the promissory note sued on herein (see Record, pp. 29, 30); and in admitting in evidence the certain contract of consolidation, same being designated as exhibit 2 (Record, pp. 52 and 56, both inclusive); and that designated as exhibit 3 (Record, p. 59)"; and in their supplemental and reply brief plaintiffs in error only discuss the question as to whether or not there was a material alteration in the instrument sued on, to wit, the promissory note.

In view of certain established rules of law to which we will presently call attention, we deem it unnecessary to go into a full discussion of the question as to whether there was a material alteration in the note sued upon. However, the evidence showed that the note sued upon was due and payable on April 14, 1929, and that the defendants, on April 26, 1929, paid interest on said note in the amount of $46.67, which credit was placed on the back of the note, with the notation that the interest was paid to May 13, 1929, and the evidence further showed that on the face of the note a pencil mark was drawn through the words "on April 14, 1929," and that above it was written "May 14, 1929."

The note provided, among other things, as follows:

"* * * Any holder hereof may, at his option, before, at or after maturity, extend or re-extend the time for its payment upon receiving the interest for the period of such extension from any such party, **the new date of maturity being noted hereon,** and that after such extension or extensions the liability of all such parties shall remain as if no extension had been had."

The court took the position that the changing of the due date, as pointed out, was not a material alteration, and that the change was made for the convenience of the files in the bank. Whether the court was correct in holding that the change was not a material alteration is not material, as we see the matter. In view of the allegations contained in the answer and amended answer of the defendants, we think that they ratified any alteration, if such it was, and that they were estopped to assert same.

In 2 C. J. 1255, it is written:

"Subsequent assent to a material change of a written instrument is a waiver of the

right to rely upon the alteration as a defense to an action brought upon the instrument."

And on page 1256 of the same volume it is written:

"* * * It would seem that an alteration made in a sealed instrument, after its execution, may be subsequently ratified in the same manner as an alteration in any other written instrument, as by, with knowledge of the facts, claiming or accepting benefits under the instrument, or by otherwise acquiescing in or recognizing its validity."

And on page 1257 the following is found:

"Where a promisor or obligor after full knowledge of an alteration unconditionally promises to pay the indebtedness evidenced by the note, bill, or other instrument altered, it is a sufficient ratification."

And the author writes:

"Where a party with knowledge of an alteration obtains an extension of the time of payment, it will be considered a ratification."

The answer filed by the defendants, as well as their amended answer, upon which they went to trial, set up and alleged an agreement for an extension of the note sued upon for a period of 90 days. Both answer and the amended answer were filed several months after the alleged alteration in the note. Therefore, with this admission in the record, the defendants could not claim and take advantage of the alteration, if it amounted to that, for defendants knew of the alteration of or memorandum on the note when the petition was filed, if they did not already have such knowledge.

In Lee v. Little, 81 Okla. 168, 197 P. 449, the first paragraph of the syllabus reads, in part:

"Where a party to an action makes solemn admissions against his interest in a pleading, they should be treated as admitted facts, and he will not be heard to question the correctness thereof at any stage of the case in the trial court or on appeal, when properly preserved in a transcript or case-made so long as they remain a part of the record. * * *"

In Wilkinson et al. v. Stone et al., 82 Okla. 296, 200 P. 196, this rule was affirmed, and the same is true in the case of Bank of Buchanan County v. Priestly, 87 Okla. 62, 209 P. 412; also in Miller et al. v. Gregory et al., 132 Okla. 48, 269 P. 302; and also in Home Ins. Co. of N. Y. v. Whitchurch, 139 Okla. 1, 281 P. 234.

In Dressler v. Johnston, 131 Cal. App. 690, 21 P. (2d) 969, 971, the court in its opinion said:

"A fact which is admitted by the pleadings is controlling upon that issue. It requires no evidence to support it. It forbids the consideration of evidence which tends to refute the stipulated fact."

Again, in Lyman et al. v. Cowen et al., 167 Okla. 574, 31 P. (2d) 108, this court held:

"Litigant is bound by his pleadings, and exclusion of evidence offered to contradict admissions in pleadings of party offering it is not error."

Defendants complain of the court's action in permitting to be introduced in evidence the note sued upon because of the alleged alteration, and for the further reason that there was no resolution of the board of directors authorizing the president of the bank to indorse and deliver the note in question; and they also complain of the court permitting in evidence the contract between the two banks and certain third parties, the contract being executed by the president and attested by the cashier of each bank with the seal of each corporation affixed thereto.

Defendants offered no proof to substantiate the allegation in their amendment to the amended answer, "that the transfer of the note sued upon herein was not in the usual course of business and was not authorized by the board of directors of the American National Bank of Okmulgee, Okla., * * *" while Mr. Perkins, vice president of the Central National Bank, testified that the Central National Bank was the sole owner of the note when the suit was filed.

With reference to this proposition the trial court said:

"* * * The signature of a corporation by its president, attested by its secretary, if I remember the law correctly, presumes, in the absence of evidence to the contrary, that it was by resolution of the Board of Directors."

In this we think the trial court was correct.

In the case of Knox County v. Ninth National Bank of the City of New York, 147 U. S. 91, 13 S. Ct. 267, 37 L. Ed. 93, it was held:

"It is a rule of very general application that where an act is done that can be done legally only after the performance of some prior act, proof of the latter carries with it a presumption of the due performance of the prior act."

The above doctrine was quoted with approval by this court in the case of Cyr v. Walker et al., 29 Okla. 281, 116 P. 931.

In the case of Bank of United States v. Dandridge, 12 Wheat. 64, 70, it was said:

"The same presumptions are, we think, applicable to corporations. Persons acting publicly as officers of the corporation are to be presumed rightfully in office. Acts done by the corporation which presuppose the existence of other acts to make them legally operative are presumptive proofs of the latter. * * * If officers of the corporation openly exercise a power which presupposes a delegated authority for the purpose, and other corporate acts show that the corporation must have contemplated the legal existence of such authority, the acts of such officers will be deemed rightful, and the delegated authority will be presumed. * * * In short, we think that the acts of artificial persons afford the same presumptions as the acts of natural persons. Each affords presumptions, from acts done, of what must have preceded them, as matters of right or matters of duty."

In 7 C. J., page 544, it is written:

"In the absence of evidence to the contrary, it will be presumed that the acts of a cashier in the ordinary course of business actually confided to him are prima facie within the scope of his authority; that a sale or transfer of a note by the president or the cashier on behalf of his bank was authorized or ratified by the directors."

And in 22 C. J., page 107, it is written:

"Accordingly, it will be presumed that corporate acts and proceedings are regular."

And on page 108 we find:

"That the secretary, who sealed an instrument did so with the authority of the corporation."

As hereinbefore stated, the defendants offered no proof as to the lack of authority, if any, on the part of the president and cashier to execute the contract introduced over their objection. That being true, under the rules set forth herein, it is presumed that the officers acted within their authority in executing the contract.

Finding no error in the record, the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Sam L. Wilhite, Grover C. Wamsley, and Wm. McFadyen in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Wilhite and approved by Mr. Wamsley and Mr. McFadyen, the cause was assigned to a Justice of the court.

Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.