Robert M. MOTT, Appellant,

v.

James W. CARLSON, M.D., and James W. Carlson, M.D., Inc., a professional corporation, Appellees.

No. 69442.

Supreme Court of Oklahoma.

Feb. 6, 1990.

Thomas A. Wallace, Oklahoma City, for appellant.

Calvin W. Hendrickson, Russell L. Hendrickson, Oklahoma City, for appellees.

SUMMERS, Justice.

In this suit for malpractice against a physician and his professional corporation two issues require our resolution. One involves interpretation of 12 O.S.Supp.1986, § 2004(I), Oklahoma's statute fixing the time within which a summons may be served on a defendant. The second involves 12 O.S.Supp.1986, Ch. 2, App., Rules For District Courts, Rule 4(h), allowing a trial court to decide motions without a hearing. The trial court's order dismissed the case as to the two defendants because of improper service. The Court of Appeals reversed and reinstated the case. Having granted certiorari, we affirm the trial court.

The suit was originally filed in 1985, and then after 180 days it was statutorily dismissed for failure to serve summons under 12 O.S.Supp.1985, § 2004(I). Title 12 O.S. 1981 § 100 allows a suit so dismissed to be refiled within one year, and plaintiff refiled within that time, on December 19, 1986. There is no challenge to plaintiff's refiling of the case.

On June 17, 1987, the 180th day after the refiling, the papers were served on the doctor's wife at their residence. The defendants moved to dismiss for failure to obtain service within 120 days. The trial court sustained the motion and plaintiff appealed. Plaintiff, however, conceded on appeal that service as to the corporation was faulty, and sought reversal only as to the ruling on the doctor as an individual.[1]

I.

 Defendant doctor relies on a line of federal cases [2] affirming dismissals where service was made after the lapse of 120 days from filing suit. The Federal Rule which was the model for our Section 2004(I) is as follows:

"(j) **Summons: Limit for Service.** If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. This subdivision shall not apply to service in a foreign country pursuant to subdivision (i) of this rule." Federal Rules of Civil Procedure, Rule 4(j).

The Oklahoma Legislature used the exact same language of Rule 4(j), with the exception of the citation in the last sentence, in enacting 12 O.S.Supp.1984, § 2004(I). However, the Legislature added new material to the language of the Federal Rule. The 1984 version of our statute said:

"If service of process is not made upon a defendant within one hundred twenty (120) days after the filing of the petition and the plaintiff cannot show good cause why such service was not made within that period, the action *shall* be dismissed as to that defendant without prejudice upon the court's own initiative with notice to the plaintiff or upon motion. If service of process is not made upon a defendant within one hundred eighty (180) days after the filing of the petition, the action shall be deemed to have been dismissed without prejudice as to that defendant. This subsection shall not apply to service in a foreign country." 12 O.S.Supp.1984, § 2004(I). (Emphasis added).

Then the statute was amended as follows:

"If service of process is not made upon a defendant within one hundred twenty

---

**1.** Plaintiff confessed in his brief that service upon the physician's wife did not satisfy 12 O.S.Supp.1984 § 2004(C)(1)(c)(3) for service upon a domestic corporation.

**2.** See e.g., Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304 (5th Cir.1985); Burks v. Griffith, 100 F.R.D. 491 (N.D.N.Y.1984); Lovelace v. Acme Markets, Inc., 820 F.2d 81 (3d Cir.1987).

(120) days after the filing of the petition and the plaintiff cannot show good cause why such service was not made within that period, the action *may* be dismissed as to that defendant without prejudice upon the court's own initiative with notice to the plaintiff or upon motion. If service of process is not made upon a defendant within one hundred eighty (180) days after the filing of the petition, the action shall be deemed to have been dismissed without prejudice as to that defendant. This subsection shall not apply to service in a foreign country." 12 O.S.Supp.1985, § 2004(I). (Emphasis added).

This is the operative section for today's case. Section 2004 was amended in 1986 but subsection (I) remained unchanged in the 1986 version. 12 O.S.Supp.1986, § 2004(I).[3]

Generally, the word "may" is used to indicate discretionary authority. *Pirrong v. Pirrong*, 552 P.2d 383, 387 (Okla.1976). For example: language in 12 O.S.1971, § 667, which said that "The court may, for good cause shown, continue an action …" has been construed as committing such decision unto the sound discretion of the trial court, and is reversed only when an abuse of discretion is shown. *Matter of Estate of Katschor*, 543 P.2d 560 (Okla.1975). *See also, Faulkenberry v. Kansas City Southern Ry. Co.*, 661 P.2d 510, 513 (Okla.1983), *cert. denied*, 464 U.S. 850, 104 S.Ct. 159, 78

L.Ed.2d 146 (1983), where the court explained that when a trial court "may" order a separate trial its decision will be disturbed only when there is an abuse of discretion. Additionally, the Committee Comment to § 2004(I) indicates that a subsection (I) dismissal is within the discretion of the trial court when service of process occurs on or after the 121st day and before the 181st day following the filing of the petition. 12 O.S.Supp.Ann.1990, Committee Comment to § 2004. We also note that the Legislature changed the language from "the action *shall* be dismissed" to "the action *may* be dismissed" in the 1985 version of the statute and continued to use this language in the 1986 amendment.[4] (Emphasis added). Thus, in the present case, the trial court's dismissal is reversible by this court only upon a showing of an abuse of the trial court's discretion.

In *Berry v. State ex rel. Oklahoma Public Employees Retirement System*, 768 P.2d 898 (Okla.1989), we quoted the following with approval:

" 'Where the language of a statute is plain and unambiguous and its meaning clear and no occasion exists for the application of rules of construction, the statute will be accorded the meaning as expressed by the language therein employed.' " *Id.* 768 P.2d at 899–900.

We believe the language of § 2004(I) to be plain and unambiguous. An examination

---

**3.** The suit was filed on December 19, 1986. 12 O.S.Supp.1986, § 2004(I) was in effect at that time. Subsequent amendments to § 2004 are not before us here. See footnote 5, *infra*.

**4.** The source of much of the defendants' argument is the federal rule and the cases decided thereunder. *See*, note 2 *supra*. The federal courts have emphasized the term "shall" in the federal rule, *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1305 (5th Cir.1985), and when service is not timely performed they have said that "the court *must* dismiss as to the unserved defendant," *Lovelace v. Acme Markets, Inc.*, 820 F.2d 81, 84 (3d Cir.1987). (Emphasis in the original). First, this court is committed to the fact that the word "shall" connotes a mandatory duty when it is utilized in a statute, *Schaeffer v. Schaeffer*, 743 P.2d 1038, 1040 (Okla.1987), and when a contrary legislative in-

tent is not plainly apparent, *Citicorp Savings and Trust Company v. Banking Board*, 704 P.2d 490, 493 (Okla.1985). Secondly, The construction of the federal rules by federal and state courts is presumed to have been adopted when the federal rule has been adopted as well. *Laubach v. Morgan*, 588 P.2d 1071, 1073 (Okla. 1978), (comparative negligence statutes); *Baker v. Knott*, 494 P.2d 302, 304 (Okla.1972), (automobile "guest passenger" statute). However, the Legislature substituted the term "may" for the term "shall", and the word "may" indicates a procedure which is permissive instead of mandatory. *State ex rel. Cartwright v. Oklahoma Natural Gas Co.*, 640 P.2d 1341, 1345 (Okla. 1982). Thus, the construction of the federal rule by the federal courts does not materially assist our inquiry.

of the first and second sentences resolves the issue.

The first sentence states: "If service of process is not made upon a defendant within one hundred twenty (120) days after the filing of the petition *and* the plaintiff cannot show good cause why such service was not made within that period, the action *may* be dismissed as to that defendant without prejudice upon the court's own initiative with notice to the plaintiff or upon motion." 12 O.S.Supp.1986, ·§ 2004(I). (Emphasis added). This sentence contemplates the following:

1. Service upon a defendant may be made within 120 days of the filing of the petition, with no restrictions imposed on the time limit.

2. Service upon the defendant may be made after 120 days from the filing of the petition, if the plaintiff has good cause for such delayed service.

3. If the plaintiff serves the defendant after the 120 day period filing the petition *and* if the plaintiff does not have good cause for such delayed service, then the trial court *may* dismiss the action as to the defendant so served.

4. The court may so dismiss the action as to the improperly served defendant in two ways: 1. on the court's own initiative with prior notice to the plaintiff; or 2. upon a motion by the defendant.

The second sentence then states: "If service of process is not made upon a defendant within one hundred eighty (180) days after the filing of the petition, the action shall be deemed to have been dismissed without prejudice as to that defendant." 12 O.S.Supp.1986, § 2004(I). This statement is clear: If the plaintiff does not serve the defendant within 180 days of filing the petition then the action is considered dismissed as to that defendant as a matter of law.[5]

The above analysis shows that three time periods were contemplated by § 2004(I): 1.

Timely service of process thru the 120th day following the filing of the petition; 2. Service of process occurring during the 121st day thru the 180th day following the filing of the petition, which may or may not be timely, and 3. Untimely service of process occurring on or after the 181st day following the filing of the petition. The present case involves the second of these three periods, since the doctor was served on the 180th day following the filing of the petition.

The defendant moved to dismiss, with a supporting brief which argued that the plaintiff must show good cause for failing to serve the defendant within 120 days of filing the petition. The plaintiff responded, advancing his legal arguments that the legislature had afforded 180 days for service. The trial court found no good cause established by Plaintiff's response, and dismissed the action. The plaintiff had the burden of showing good cause for delay in the service, and was unable to do so. We can not find any abuse of discretion on the part of the trial court in its dismissal.

## II.

 In reversing the trial court the Court of Appeals relied, in part, on the Due Process Clause and the fact that the plaintiff did not receive a formal hearing prior to the order of dismissal. The Rules of the District Court provided, then and now, that motions may be decided by the court without a hearing.

"Motions may be decided by the court without a hearing, and where this is done, the court shall notify the parties of its ruling by mail." 12 O.S.Supp.1986, Ch. 2, App., Rules for District Courts, Rule 4(h). ·

The plaintiff and defendant both argue this issue on certiorari.

In *Stanley v. Illinois*, 405 U.S. 645, 650, 92 S.Ct. 1208, 1212, 31 L.Ed.2d 551 (1972),

---

**5.** Note that the 1989 amendment, not involved here, adds for the first time a new ingredient: the right of plaintiff to "show good cause why such service was not made within that (the 180 day) period." 12 O.S.Supp.1989 § 2004(I).

the Court said: "we recognize, as we have in other cases, that due process of law does not require a hearing 'in every conceivable case of government impairment of private interest." Due process of law does not guarantee any particular form of procedure. *Mitchell v. W.T. Grant Company*, 416 U.S. 600, 610, 94 S.Ct. 1895, 1901, 40 L.Ed.2d 406 (1974). The high Court has explained that "the fundamental fairness of a particular procedure does not turn on the result obtained in any individual case; rather, 'procedural due process rules are shaped by the risk of error inherent in the truth finding process as applied to the generality of cases, not the rare exceptions.'" *Walters v. National Association of Radiation Survivors et al.*, 473 U.S. 305, 321, 105 S.Ct. 3180, 3189, 87 L.Ed.2d 220 (1985).

The plaintiff had an opportunity to respond to the defendant's motion, and he did so, presenting his legal argument. Motions may also raise issues of fact under Rule 4(c) of the Rules of the District Courts.[6] Rule 4(c) provides:

> "Motions raising fact issues shall be verified by a person having knowledge of the facts, if possible; otherwise, a verified statement of counsel of what the proof will show will suffice until a hearing or stipulation can be provided." 12 O.S. Supp.1986, Ch. 2, App. Rule 4(c).

Thus Plaintiff also had the opportunity to raise, and put in issue, any facts he thought necessary to meet his good cause burden.

The risk of prejudice due to the procedure employed was vitually nonexistent in this case, where the plaintiff was given the opportunity to respond to the defendants' motion and present legal argument, if he chose, supported by a verified statement of counsel as to what the proof would show. The plaintiff's response containing legal argument (but without raising issues of fact) did not entitle him to a hearing. *See, United States v. One 1974 Porsche 911–S, etc.*, 682 F.2d 283, 286–287 (1st Cir.1982), where

the court stated that there is no constitutional right to oral argument on a summary judgment motion presenting only questions of law. Oklahoma's rule—mandated procedure minimizes "the risk of error in the truth finding process" and is constitutionally adequate.

The judgment of the District Court dismissing the action is affirmed as to the defendant professional corporation, and likewise affirmed as to the individual doctor defendant. The opinion of the Court of Appeals is vacated and the order of the District Court is affirmed.

HODGES, LAVENDER, SIMMS, DOOLIN and ALMA WILSON, JJ., concur.

KAUGER, J., concurs in part; dissents in part.

OPALA, V.C.J., dissents.

---

**6.** Although the instrument filed by the plaintiff was a response to the defendant's motion, we interpret Rule 4(c) as giving both sides an equal opportunity to present facts.