2000 OK 91

**Kenneth FISCHER, Plaintiff/Appellant,**

v.

**BAPTIST HEALTH CARE OF OKLA-HOMA, d/b/a Bass Memorial Hospital; and Terry M. Lewis, M.D., Defendants/Appellee.**

No. 93,703.

Supreme Court of Oklahoma.

Nov. 14, 2000.

Ben T. Lampkin, Lampkin & Wolfe, Inc., Oklahoma City, OK, and E. Joe Lankford, Norman, OK, for the Appellee.

Leah McCaslin Kinsey, The Paul Law Firm, Tulsa, OK, for Appellant Bass Memorial Hospital.

Iona J. Harness, Susan Doke, Pierce Couch Hendrickson Baysinger & Green, L.L.P., Oklahoma City, OK, for Appellant, Terry M. Lewis, M.D.

HODGES, J.

¶ 1 The issue before this Court is whether the trial court abused its discretion in dismissing the petition against the defendants. We find the trial court erred in granting the motions to dismiss.

## I. FACTS

¶ 2 The plaintiff, Kenneth Fischer, alleges that on June 2, 1993, he had surgery at the defendant hospital, Baptist Health Care of Oklahoma, also known as Bass Memorial Hospital (Hospital). Defendant, Terry M. Lewis, M.D. (Dr. Lewis) performed the surgery. Fischer further alleges that as a result of the defendants' negligence, he suffered pain and permanent injuries.

¶ 3 Fischer filed a petition on May 24, 1994. On April 10, 1997, Fischer voluntarily dismissed the petition without prejudice. On April 7, 1998, less than one year later, Fischer filed a second petition as permitted by title 12, section 100 of the Oklahoma Statutes. On October 6, 1998, Fischer had the summonses issued and mailed to the defendants by certified mail on November 12, 1998. The defendants were served on November 16, 1998, 43 days after the 180 day period.

¶ 4 On December 2, 1998, the Hospital filed its answer without asserting the defense of untimely service. On December 4, 1998, Dr. Lewis filed a motion to dismiss for failure to obtain service with 180 days. On December 10, 1998, the Hospital filed an amended answer asserting untimely service and accompanied by a motion to dismiss. The trial court granted both Dr. Lewis' and the Hospital's motions to dismiss. The Court of Civil Appeals affirmed.

## II. ANALYSIS

¶ 5 Title 12, section 2004(I) of the Oklahoma Statutes provides:

> If service of process is not made upon a defendant within one hundred eighty (180) days after the filing of the petition and the plaintiff cannot show good cause why such service was not made within that period, the action *may* be dismissed as to that defendant without prejudice upon the court's own initiative with notice to the plaintiff or upon motion.

(Emphasis added.)

¶ 6 Under section 2004(I), service is always timely if made within 180 days after the petition is filed. After 180 days, service is timely if the plaintiff shows good cause for the delay. The use of the word "may" in section 2004(I) indicates dismissal is discretionary. Okla. Stat. tit. 12, § 2004(I) cmt. (1991); *see Mott v. Carlson,* 1990 OK 10, ¶ 6, 786 P.2d 1247, 1249. Unlike rule 4(j) of the Federal Rules of Civil Procedure on which section 2004 is based, dismissal under the Oklahoma rule is discretionary after the 180 days time period. The trial court will be reversed only upon a showing of an abuse of discretion. *Mott,* 1990 OK 10 at ¶ 6, 786 P.2d at 1249.

¶ 7 "Because litigants are entitled to a fair day in court, policy encourages actions being tried on the merits." *Nelson v. Nelson,* 1998 OK 10, ¶ 23, 954 P.2d 1219, 1228. As with default judgments, judgments other than on the merits are disfavored. *See id.* When a plaintiff shows good cause for delay in service and the defendant fails to show prejudice, the trial court abuses its discretion if it dismisses the petition based on the delay.

¶ 8 In this case, the attorney for the plaintiff stated that he was concerned about the validity of the action and sanctions under section 2011 of title 12 which provides sanctions against an attorney for filing and pursuing frivolous actions. The attorney for the plaintiff received an oral expert opinion in

July of 1998 but did not receive a written opinion until just prior to service being made in November. Under the circumstances of this case, the plaintiff showed good cause for the delay. The trial court abused its discretion in dismissing the petition based on delay of service.

### III. CONCLUSION

¶ 9 Fear of section 2011 sanctions under the facts of this case is good cause for justifying the 43 day delay in service. The defendants failed to show prejudice from the delay. Thus, the trial court abused its discretion in dismissing the action. The issue of whether the defendant Hospital's amended answer related back to the filing date of its original answer is mooted by this decision. The Court of Civil Appeals' opinion is vacated. The judgment of the trial court is reversed, and the matter is remanded for further proceedings.

COURT OF CIVIL APPEALS' OPINION VACATED; TRIAL COURT'S JUDGMENT REVERSED; CAUSE REMANDED.

¶ 10 SUMMERS, C.J., HODGES, OPALA, WATT, BOUDREAU, JJ., concur.

¶ 11 HARGRAVE, V.C.J., LAVENDER, KAUGER, WINCHESTER, JJ., dissent.