2012 OK CIV APP 45

**COLCLAZIER & ASSOCIATES, Plaintiff/Appellee,**

v.

**Craig STEPHENS and Chantal Stephens, Defendants,**

**and**

**Biscuit Hill Foodmart, 1606 S. Rock Creek Road, Shawnee, Oklahoma 74801, Garnishee/Appellant.**

**No. 108,591.**

Court of Civil Appeals of Oklahoma, Division No. 2.

April 5, 2012.

As Corrected June 1, 2012.

Jerry L. Colclazier, Colclazier & Associates, Seminole, Oklahoma, for Plaintiff/Appellee.

Benjamin McCullar, Shawnee, Oklahoma, for Garnishee/Appellant.

JOHN F. FISCHER, Chief Judge.

¶ 1 Biscuit Hill Shell Foodmart, a sole proprietorship owned by Rod Goodman, ap-

peals the denial of its motion to vacate a default judgment entered in a garnishment proceeding instituted by Colclazier & Associates (Law Firm). The summons by which the district court may have acquired jurisdiction in the garnishment proceeding was served more than 180 days after it was issued. However, there has been no determination that good cause existed for the delay. Therefore, we reverse and remand for further proceedings.

## BACKGROUND

¶ 2 On December 27, 2004, the Law Firm obtained a default judgment against its former clients Craig and Chantal Stephens in the amount of $11,046.78 for unpaid attorney fees in Case No. S–CS–2004–60. Although it appears that the Law Firm tried on numerous occasions to collect the judgment from the Stephenses, it was unsuccessful. On March 15, 2005, the Law Firm filed a garnishment affidavit. In that affidavit, the Law Firm asserted its belief that Biscuit Hill Shell Foodmart had property belonging to Craig Stephens. It appears that Craig Stephens was employed by Biscuit Hill from February through December 2005. The court clerk issued a garnishee summons to Biscuit Hill Shell Foodmart the same day the affidavit was filed. Attached to the summons was Garnishee's Answer/Affidavit, Claim for Exemption and Request for Hearing. The district court's docket indicates that the summons was given to the attorney for the Law Firm for service.

¶ 3 On March 21, 2006, attorney Jerry L. Colclazier filed an affidavit of service in which he stated that, on January 5, 2006, he had served an Application and Order to Garnishee to Answer Summons by certified mail on Rod and Tonya Goodman. A return receipt dated January 11, 2006, was attached to the affidavit and appears to have been signed by Rod Goodman. Colclazier filed an amended affidavit of service on April 14, 2006, in which he stated that the Garnishee Summons, Garnishment Affidavit, Garnishee's Answer/Affidavit and Claim for Exemption and Request for Hearing were the items served on January 5, 2006. It is undisputed that Craig Stephens no longer worked for

Biscuit Hill at that time. Further, the only evidence in this record shows that when the Garnishee's Summons was served, the Goodmans confused it with a garnishment summons they had previously received from the Department of Human Services for child support owed by Craig Stephens. They had withheld from Stephens's pay check and remitted to DHS the appropriate funds for November and December 2005.

¶ 4 According to the district court's docket, the case was "stricken" on May 18, 2007, for failure to serve the garnishee. The court minute reflecting this action is not included in the record on appeal. On June 1, 2007, a proof of service was filed indicating that a private process server received an Application and Order to Garnishee to Answer Summons on September 6, 2006, and served the same on Rod and Tonya Goodman on September 11, 2006. No documents are attached to the proof of service. The only Application and Order to Garnishee to Answer Summons in the district court record was filed March 23, 2006. The Application, filed by the Law Firm, represents that garnishee Biscuit Hill Shell Foodmart was served with a Continuing Postjudgment Earnings Garnishment on January 11, 2006, but had failed to file an answer. The attached order states that the Application was heard and granted on March 21, 2006. The district court gave the garnishee seven days from the date of service to answer the garnishment summons. The district court also ordered the Law Firm to give the garnishee notice of the court's order by certified mail. The only evidence of service of the Application and Order is the proof of service filed on June 1, 2007. The proof of service shows that service was made on Rod Goodman's wife, Tonya Goodman, on September 11, 2006.

¶ 5 On June 12, 2007, the district court entered judgment by default against Rod and Tonya Goodman d/b/a Biscuit Hill Shell Foodmart. The district court found they were in default for failing to file an answer to the garnishment summons served on January 11, 2006, and failing to file an answer as directed in the court's March 23 order which

had been served September 11, 2006. The amount of the judgment was $17,270.02.

¶6 On January 12, 2010, the Law Firm filed an Application for Hearing on Assets in the Stephens case (S–CS–2004–60). However, the style of the case listed Rod and Tonya Goodman as the defendants and omitted the Stephenses. The district court ordered the Goodmans to appear for a hearing on assets on February 4, 2010. That order appears to have been entered on January 19, 2010. However, the only entry on the court's docket relevant to service of the order shows that a summons was issued to the attorney for the Law Firm on February 24, 2010. On that same date, the Goodmans filed a petition to vacate the default judgment. On July 26, 2010, following a hearing at which the Goodmans testified, the district court denied the petition to vacate. The Goodmans now appeal the order denying their petition to vacate.[1]

## STANDARD OF REVIEW

¶7 The district court's disposition of a motion to vacate is reviewed for an abuse of discretion. *Patel v. OMH Med. Ctr., Inc.,* 1999 OK 33, ¶20, 987 P.2d 1185, 1194. "An abused judicial discretion is manifested when discretion is exercised to an end or purpose not justified by, and clearly against, reason and evidence." *Id.* An abuse of discretion standard requires appellate review of both issues of fact and the legal principles used to determine the correctness of the trial court's decision. *Christian v. Gray,* 2003 OK 10, ¶¶43, 45, 65 P.3d 591, 608–09. In garnishment proceedings "[t]he court shall render such judgment in all cases as shall be just to all of the parties and shall properly protect their respective interests...." 12 O.S.2011 § 1182.

## ANALYSIS

■ ¶8 Our review of the district court's order denying the garnishee's petition to vacate is determined ultimately by the validity of the 2007 default judgment entered

against the garnishee. If that judgment is void, then the Law Firm cannot prevail. "A default judgment is void if the court did not have jurisdiction over the parties." *Ferguson Enters., Inc. v. H. Webb Enters., Inc.,* 2000 OK 78, ¶5, 13 P.3d 480, 482. "If the record does not reflect that personal service has been made on the defendant, the court lacks in personam jurisdiction over the defendant and any default judgment rendered thereon is void and subject to vacation." *Id.,* ¶11, 13 P.3d at 483.

> While it is true that diligence of litigants in attending to their matters pending in the courts is of importance, and while it is a significant function of the courts that the litigation before them be determined and disposed of as rapidly as possible, it is also important that all litigants be given a reasonable opportunity to have their day in court, and to have their rights and liberties tried upon the merits. The latter is and should be the primary right of the parties and duty of the courts.

*Beck v. Jarrett,* 1961 OK 162, ¶10, 363 P.2d 215, 218.

■ ¶9 The dispositive issue here is whether the March 2005 summons, on which the district court's jurisdiction depends, was timely and properly served. Absent effective service of the initial garnishment summons, even the district court's March 23, 2006 order directing the garnishee to answer was defective. Although that order was properly served, it was authorized only by section 1179 and obtained as a result of the affidavit Jerry Colclazier filed on April 14, 2006, wherein he stated he had mailed the required garnishment documents to the Goodmans and that the requested order was authorized by section 1179. Section 1179 provides, in part:

> If any garnishee, having been duly summoned, shall fail to file and deliver or mail the answer as required by Sections 1172.2, 1178, 1178.1 or 1178.2 of this title ... the court shall enter an order to the garnishee to file and deliver or mail the answer.

---

1. That order also denied the Law Firm's motion for sanctions. The Law Firm has not appealed

that portion of the order.

In order for a garnishee to be "duly summoned," the garnishment summons:

[S]hall be served upon each of the garnishees, together with a copy of the judgment creditor's affidavit, a garnishee's answer form, notice of garnishment and request for hearing, and claim for exemptions, in the manner provided for in Section 2004 of [Title 12] and shall be returned with proof of service within ten (10) days of its date.

12 O.S.2011 § 1173.4(D).

■■ ¶ 10 First, it is undisputed that the Law Firm's March 2006 return of its purported January 2005 service was made more than ten days after the time required by section 1173.4(D). "Statutes circumscribing intervals during which pleadings may be filed have generally been construed to fix a limit beyond which the pleading may not be filed without permission." *Spears v. Preble*, 1983 OK 8, ¶¶ 13–14, 661 P.2d 1337, 1341 (interpreting section 1175 of the garnishment statutes). "Where a pleading is filed out of time, without permission of the court, or agreement of opposing counsel, it may be treated as a nullity, otherwise acts regulating the time of pleading would be nugatory." *State Nat'l Bank v. Lowenstein*, 1915 OK 892, ¶ 0, 52 Okla. 259, 155 P. 1127 (Syllabus 2).

¶ 11 Second, the January 2006 service did not comply with the time limit imposed by section 2004 for service of summons. The relevant part of the statute in effect when service was made provides, in part:

SUMMONS: TIME LIMIT FOR SERVICE. If service of process is not made upon a defendant within one hundred eighty (180) days after the filing of the petition and the plaintiff cannot show good cause why such service was not made within that period, the action may be dismissed as to that defendant without prejudice upon the court's own initiative with notice to the plaintiff or upon motion.

12 O.S. Supp.2002 § 2004(I). The Law Firm's "Application and Order to Garnishee to Answer Summons" filed March 23, 2006, recites the dates the garnishment summons was issued and served, and shows that the summons was served almost 300 days after it was issued.

¶ 12 The original version of section 2004(I) was enacted in 1984 and provided that absent a showing of good cause an action "shall be dismissed" if the summons was not served within 180 days. The "may be dismissed" language was substituted in 1985 and remained until amended in 2009. The first sentence of section 2004(I) now provides that absent a showing of good cause, "the action shall be deemed dismissed. . . ." 12 O.S.2011 § 2004(I). The distinction between "may" and "shall" within the context of this statute was addressed in *Mott v. Carlson*, 1990 OK 10, 786 P.2d 1247. Between 1985 and 2009, the time period when this garnishment summons was issued, "the trial court's dismissal [was] reversible . . . only upon a showing of an abuse of the trial court's discretion." *Id.*, ¶ 6, 786 P.2d at 1249. However, we must determine whether to apply the version of the statute now in effect.

■ ¶ 13 As a general rule, and absent legislative intent to the contrary, statutes and statutory amendments are applied prospectively. *Phillips v. H.A. Marr Grocery Co.*, 1956 OK 104, 295 P.2d 765. The long recognized exception to that rule is:

No one has a vested right in any particular mode of procedure for the enforcement or defense of his rights. Hence the general rule that statutes will be construed to be prospective only does not apply to statutes affecting procedure; but such statutes, unless the contrary intention is clearly expressed or implied, apply to all actions falling within their terms, whether the right of action existed before or accrued after the enactment.

*Shelby–Downard Asphalt Co. v. Enyart*, 1918 OK 50, ¶ 0, 67 Okla. 237, 170 P. 708 (Syllabus 1). The procedural/substantive nature of section 2004(I) was addressed in *Moore v. Sneed*, 1992 OK CIV APP 107, 839 P.2d 682. The issue in *Moore* was whether the effective date of the dismissal of an action not served within 180 days was on the 181st day or the date of the order granting the defendant's motion to dismiss. After the summons was served, section 2004(I) was amended, requiring the appellate court to determine which version of the statute to apply. In a related

appeal, the Supreme Court addressed this issue.

> We further note that since the trial court entered its order herein the controlling statute has been amended. The statute, 12 O.S. Supp.1989 § 2004(I), now provides that a plaintiff who has not served a defendant with process within 180 days of filing the petition shall be given the opportunity to show good cause for non-service. Because the amendment is strictly procedural in nature and does not affect substantive rights it should be given retroactive application.

*Sneed,* 1992 OK CIV APP 107, ¶ 3, 839 P.2d at 683 (footnote omitted).

¶ 14 The Goodmans' petition to vacate the default judgment raised the issue of timely and effective service. It is undisputed that the garnishment summons was not served within 180 days after it was issued. Therefore, the Law Firm's garnishment proceeding shall be deemed dismissed as of 181 days following March 15, 2005, if it is determined on remand that it did not have good cause for the delay in service. "Under section 2004(I) ... After 180 days, service is timely if the plaintiff shows good cause for the delay." *Fischer v. Baptist Health Care of Oklahoma,* 2000 OK 91, ¶ 6, 14 P.3d 1292, 1293.

 ¶ 15 The existence of good cause cannot be determined on the basis of this record. At the hearing on the motion to vacate, Tonya Goodman testified that when she received the garnishment documents on September 11, 2006, she called the Law Firm, explained that Stephens no longer worked for Biscuit Hill and was told that Mr. Colclazier would return her call. Her testimony was supported by her telephone records. She also testified that she did not receive a return phone call. In the Law Firm's response and motion to dismiss the Goodmans' petition to vacate, it stated that the Law Firm was contacted by an attorney "who stated that he represented the Goodmans and initiated negotiations on their behalf" and the Law Firm corresponded with that attorney "concerning a potential settle-

ment" on October 3, 2006.[2] But the Goodmans received no further information until January 2010, when they were ordered to appear and answer as to assets. Colclazier's March 21, 2006 affidavit of service shows that service was made more than 180 days after the garnishment summons was issued but does not address why service was delayed. The June 12, 2007 journal entry recites that the garnishment summons was issued on March 15, 2005, and served on January 11, 2006, but does not find that good cause existed for the delay. In its motion to dismiss the petition to vacate filed March 23, 2010, and at the hearing, the Law Firm asserted: (1) service of the garnishment summons was delayed because Biscuit Hill employees were not authorized to and would not accept service in person; (2) service by mail was attempted several times; and (3) service of the order was attempted by certified mail but the Goodmans refused to accept the mailing. These statements, however, as opposed to a party's admissions, "have no probative value." *Willis v. Sequoyah House, Inc.,* 2008 OK 87, ¶ 13, 194 P.3d 1285, 1290. The motion was filed by Jerry Colclazier as attorney for the Law Firm. "Plaintiffs must show good cause for the occasioned delay by more than a lawyer's conclusory references in an argument to the court. Counsel's unsworn representations do not rise to the level of proof of good cause contemplated by the terms of [section] 2004(I)." *Id.* ¶ 14, 194 P.3d at 1290.

 ¶ 16 Further, it appears that service could not have been made on the restaurant employees. *See Graff v. Kelly,* 1991 OK 71, ¶ 21, 814 P.2d 489, 495–96 (service on an employee not authorized to accept service is not valid). Although "[s]ervice by mail shall be effective on the date of receipt or if refused, on the date of refusal of the summons and petition by the defendant," 12 O.S. 2011 § 2004(C)(2)(a), absent any documentary evidence supporting the Law Firm's claim of attempted mailings, the district court could not have determined that service by mail had been made. As the Law Firm acknowledges, the failure to serve the gar-

---

**2.** Admissions contained in a party's pleading or brief may be used to supplement the appellate record. *See Hulsey v. Mid–America Preferred Ins.*

*Co.,* 1989 OK 107 n. 17, 777 P.2d 932, 937 n. 17; *Morton v. Cent. Nat'l Bank of Okmulgee,* 1935 OK 400, 171 Okla. 494, 43 P.2d 394 (Syllabus 2).

nishment summons within 180 days may be a "great argument." That argument was made in the garnishee's petition to vacate. Section 2004(I) "cast[s] a burden upon the plaintiff who resists dismissal to demonstrate good cause why service on the defendant was not made within the prescribed 180–day period." *Willis,* 2008 OK 87, ¶ 11, 194 P.3d at 1289 (footnote omitted). Title 12 O.S.2011 § 1031(3) authorizes the district court to vacate a default judgment if the court did not have jurisdiction over the garnishee. *See* 12 O.S.2011 § 1038 (vacation of a void judgment); *see also Ferguson Enters.,* 2000 OK 78, ¶ 11, 13 P.3d 480, 483 (where the record reflected that personal service has not been properly made on the defendant, the district court lacked in personam jurisdiction and default judgment rendered was void and subject to vacation); *Graff v. Kelly,* 1991 OK 71, ¶ 21, 814 P.2d 489, 495 (finding a default judgment void on its face for lack of in personam jurisdiction because the record established that default judgment was entered without valid service of process).

### CONCLUSION

¶ 17 The record in this case clearly shows that the garnishment summons was served more than 180 days after it was issued. The district court's jurisdiction depends on effec-

tive service of that summons. However, whether the Law Firm had good cause for serving the summons beyond the 180–day time limit has not been determined. On remand, the district court shall determine that issue. If the district court finds that it had personal jurisdiction over the garnishee, the garnishee shall be entitled to present any available defense in support of its petition to vacate. In that circumstance, the district court should determine the issues on the basis of the entire record and "render such judgment ... as shall be just to all of the parties and shall properly protect their respective interests." 12 O.S.2011 § 1182.

¶ 18 Colclazier's motion for appeal related attorney fees is denied.

¶ 19 **REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

BARNES, P.J., and WISEMAN, J., concur.