2012 OK CIV APP 79

Q. Aaron KLEIN, Plaintiff/Appellant,

v.

DEPARTMENT OF CORRECTIONS, Defendant/Appellee.[1]

No. 110,558.

Court of Civil Appeals of Oklahoma, Division No. 2.

July 11, 2012.

on Plaintiff's petition in error.

Q. Aaron Klein, Lawton, Oklahoma, Pro Se.

JANE P. WISEMAN, Judge.

¶ 1 Plaintiff Q. Aaron Klein appeals from a trial court order dismissing his petition for failure to obtain service within 180 days. The issue on appeal is whether the trial court erred when it dismissed the petition. After review of the record and law applicable to the issues,[2] we conclude the trial court erred in dismissing the petition without first determining whether Plaintiff had good cause for failing to obtain service on the defendants. We reverse the decision of the trial court and remand the case for further proceedings consistent with this Opinion.

¶ 2 Plaintiff filed a petition against defendants on June 21, 2011, alleging that personnel at the correctional facility where he was incarcerated opened mail he had given them to be mailed to an attorney. The letter described an assault on Plaintiff and stated that nothing had been done to those who had assaulted him. The petition further alleged unsafe conditions at the facility, particularly regarding fire hazards. Plaintiff at the same time filed a separate motion in the case for an emergency restraining order in addition to his petition for judicial relief.

¶ 3 Shortly after the case was filed, the trial court *sua sponte* on July 5, 2011, filed an order directing Plaintiff to give notice of his lawsuit to the Department of Corrections (DOC) by serving DOC with a copy of his petition and motion. The court ordered Plaintiff to prepare, issue, and serve summons as required by 12 O.S. § 2004 and to comply both with 12 O.S § 2004(I) regarding service of summons within 180 days of the

date of the order and with Rule 9(a) of the Rules for the District Courts.[3] The order does not contain an admonition that failure to comply with § 2004, Rule 9(a), or the court's order may result in dismissal of the case.

¶ 4 On March 19, 2012, the trial court dismissed Plaintiff's petition because he failed to comply with its July 5, 2011, order and with § 2004. Plaintiff appeals from the order of dismissal.

¶ 5 We review the trial court's dismissal pursuant to Rule 1.36 of the Supreme Court Rules, 12 O.S.2011, ch. 15, app. 1, without additional appellate briefing. The propriety of this dismissal, based on the trial court's application of 12 O.S.2011 § 2004(I), presents a question of law which we examine *de novo*, by which an appellate court "has plenary authority to independently decide the issue without deference to the trial court's determination." *Eagle Bluff, L.L.C. v. Taylor*, 2010 OK 47, ¶ 9, 237 P.3d 173, 178.

¶ 6 Title 12 O.S.2011 § 2004(I) provides, "If service of process is not made upon a defendant within one hundred eighty (180) days after the filing of the petition and the plaintiff cannot show good cause why such service was not made within that period, the action shall be deemed dismissed as to that defendant without prejudice."

¶ 7 The trial court found Plaintiff failed to serve the defendants within 180 days, but there is nothing in the record showing that, before dismissing his case, the trial court provided Plaintiff an opportunity to show good cause, by a hearing or otherwise, for failing to obtain service within the allotted time. No show cause notice or hearing was provided to Plaintiff. Even after 180 days, Plaintiff may survive the imposition of a § 2004(I) dismissal if he can show good cause for non-service. *See Colclazier & Assocs. v. Stephens*, 2012 OK CIV APP 45, ¶ 14, 277

---

2. Defendant Department of Corrections did not file a response to Plaintiff's petition in error, and pursuant to the Supreme Court's order of May 21, 2012, this appeal stands submitted on the record provided pursuant to Supreme Court Rule 1.36, 12 O.S.2011, ch. 15, app. 1, by Plaintiff.

3. Rule 9(a) of the Rules for the District Courts, 12 O.S.2011, ch. 2, app., pertains to dismissal for failure to issue summons within certain time periods.

P.3d 1285, 1290 (citing *Fischer v. Baptist Health Care of Okla.*, 2000 OK 91, ¶ 6, 14 P.3d 1292, 1293).

¶ 8 Because the existence or non-existence of good cause cannot be determined on the record before us, the dismissal must be reversed and the case remanded to the trial court for further proceedings. *See id.* at ¶¶ 15, 17, 277 P.3d at 1290–91.

¶ 9 **REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

FISCHER, C.J., and BARNES, P.J., concur.