OSCN Found Document:THIBAULT v. GARCIA

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 THIBAULT v. GARCIA
2017 OK CIV APP 36
Case Number: 113954
Decided: 06/14/2017
Mandate Issued: 07/19/2017
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2017 OK CIV APP 36, __ P.3d __

 
JAMES E. THIBAULT, Plaintiff/Appellee,
v.
EVA M. GARCIA, individually, Defendant/Appellant,
and
JOHN DOE COMPANY and JOHN DOE MANAGEMENT COMPANY, Defendants.
APPEAL FROM THE DISTRICT COURT OF
CADDO COUNTY, OKLAHOMA
HONORABLE RICHARD G. VAN DYCK, TRIAL JUDGE
AFFIRMED AS MODIFIED
Bartlett H. Ramsey, OLDFIELD, BUERGLER & RAMSEY, Oklahoma City, Oklahoma, for Plaintiff/Appellee
Daniel C. Hays, GOOLSBY, PROCTOR, HEEFNER & GIBBS, P.C., Oklahoma City, Oklahoma, for Defendant/Appellant
JOHN F. FISCHER, PRESIDING JUDGE:
¶1 Defendant/Appellant Eva M. Garcia appeals the district court's order granting her motion and dismissing Plaintiff/Appellee James Thibault's petition without prejudice. Thibault does not challenge that ruling. At issue in this appeal is the effective date of the district court's order. The district court made the effective date of its order the date of the hearing on Garcia's motion. However, because Thibault did not serve summons on Garcia within one hundred and eighty (180) days as required by 12 O.S. Supp. 2013 § 2004(I), and failed to show good cause for not doing so, his petition was "deemed dismissed" one hundred and eighty-one (181) days after it was filed. Id. The district court's order dismissing Thibault's petition is affirmed, as modified, to reflect that the effective date of the dismissal is one hundred and eighty-one (181) days after Thibault's petition was filed.
BACKGROUND
¶2 Thibault alleges that on January 27, 2013, he was struck and injured by a car that Garcia was driving. On September 4, 2013, Thibault filed his petition in this case suing Garcia for negligence. He did not cause summons to be issued at that time. On March 9, 2015, approximately 550 days later, Garcia filed a special appearance and motion to dismiss. Garcia contended that dismissal was required pursuant to 12 O.S. Supp. 2013 § 2004(I).
If service of process is not made upon a defendant within one hundred eighty (180) days after the filing of the petition and the plaintiff cannot show good cause why such service was not made within that period, the action shall be deemed dismissed as to that defendant without prejudice. 
Garcia argued that Thibault did not have good cause for the delay and, therefore, his petition should be deemed dismissed as of March 4, 2014, 181 days after the petition was filed.
¶3 Thibault filed an amended petition on March 13, 2015, and summons was issued. On March 18, Thibault filed a response to Garcia's motion to dismiss. His response provided no excuse for the delayed service of the original petition. Instead, he argued that the amended petition he filed, after Garcia filed her motion to dismiss, automatically provided an additional 180-day period within which to serve Garcia because he was permitted to file his amended petition "as a matter of course at any time before [Garcia's] responsive pleading [was] served." 12 O.S.2011 § 2015(A).[1] The district court rejected Thibault's argument that this provided the necessary good cause required by section 2004(I). Thibault did not appeal the district court's ruling and that argument is not addressed in this Opinion.[2]
¶4 The district court's docket sheet reflects that the court entered a "court minute" on April 15, 2015, sustaining Garcia's motion and dismissing Thibault's petition. The district court's Journal Entry memorializing this ruling was filed May 13, 2015, and provided that "this case is dismissed without prejudice effective April 15, 2015." Garcia appeals that portion of the district court's order dismissing Thibault's original petition as of April 15, 2015.
STANDARD OF REVIEW
¶5 At issue in this appeal is the district court's interpretation of 12 O.S. Supp. 2013 § 2004(I). Legal questions involving statutory interpretation are subject to de novo review. Heffron v. Dist. Court of Okla. Cnty., 2003 OK 75, ¶ 15, 77 P.3d 1069. De novo review is non-deferential, plenary and independent. Neil Acquisition, L.L.C. v. Wingrod Inv. Corp., 1996 OK 125, n.1, 932 P.2d 1100.
ANALYSIS
¶6 There have been three versions of the 180-day provision of section 2004(I) since the statute was first adopted in 1984 as part of the Oklahoma Pleading Code. The original provision provided that a case "shall be deemed to have been dismissed" if summons was not served "within one hundred and eighty (180) days after the filing of the petition." 12 O.S. Supp. 1984 § 2004(I). This language appears in the second sentence of section 2004(I). The first sentence provided that if the plaintiff had not served summons within 120 days and the plaintiff could not show good cause for the delay the "action shall be dismissed" as to any defendant not served within that time period. The 120-day time period has since been eliminated and only the 180-day period remains.
¶7 In 1989, the second sentence of section 2004(I) was amended to provide that the case would be deemed dismissed unless the plaintiff was able to show "good cause" why the summons was not served within 180 days. 12 O.S. Supp. 1989 § 2004(I). In 1990, this provision was amended again, this time to delete the "deemed dismissed" language and provide that the case "may be dismissed" if the plaintiff cannot show good cause why summons was not served within 180 days. 12 O.S. Supp. 1990 § 2004(I). The current version of the statute first appeared in 2009 and restored the "deemed dismissed" language of the original statute. 12 O.S. Supp. 2009 § 2004(I). The 2009 version of section 2004(I) was declared unconstitutional in Douglas v. Cox Ret. Props., Inc., 2013 OK 37, 302 P.3d 789 (holding that the Comprehensive Law Suit Reform Act of 2009, including the 2009 version of section 2004(I), violates the "single subject rule" and is unconstitutional). However, the identical language was adopted effective December 9, 2013, and is the version of the statute applicable in this case: "If service of process is not made upon a defendant within one hundred eighty (180) days after the filing of the petition and the plaintiff cannot show good cause why such service was not made within that period, the action shall be deemed dismissed as to that defendant without prejudice." 12 O.S. Supp. 2013 § 2004(I).
¶8 Although Thibault's original petition was filed between the time Douglas was decided and the effective date of the 2013 amendment to section 2004(I), we hold that the 2013 amendment to section 2004(I) is procedural, applies retroactively and is the version of the statute that applies in this case. For the same reason, we held the 2009 version of section 2004(I) applied retroactively in Colclazier & Assocs. v. Stephens, 2012 OK CIV APP 45, 277 P.3d 1285. See also Moore v. Sneed, 1992 OK CIV APP 107, ¶ 3, 839 P.2d 682 (noting the Oklahoma Supreme Court's order holding that the 1989 amendment to section 2004(I) was procedural and applied retroactively). 
¶9 The single issue raised in this appeal is whether a petition that is not served in compliance with 12 O.S. Supp. 2013 § 2004(I) is deemed dismissed 181 days after it was filed or on the date the district court ordered the petition dismissed. Although the Supreme Court has previously addressed earlier versions of the statute, it has not addressed the current version of the statute, which combines the "good cause" requirement and the "shall be deemed dismissed" language. Nonetheless, guided by the Supreme Court's previous decisions, we hold that the 2013 version of section 2004(I) requires that a petition not served in compliance with that statute be deemed dismissed 181 days after it was filed.
¶10 In Mott v. Carlson, 1990 OK 10, 786 P.2d 1247, the Court construed the original version of section 2004(I), but decided the case based on the first sentence of the statute, which provided for dismissal in the absence of a showing of good cause if the summons was not served within 120 days. The Court identified three time periods delineated by the statute: (1) service on or before 120 days after filing, (2) service on or after the 121st day and before the 181st day, and (3) service on or after the 181st day. Because Mott's petition was served on the 180th day, the Court required that he show good cause for the delay. Mott is instructive but not dispositive of this case in which the summons was served well after the 180-day time limit. And, since Mott was decided, the statute has been amended several times.
¶11 In Fischer v. Baptist Health Care of Oklahoma, 2000 OK 91, 14 P.3d 1292 and Willis v. Sequoyah House, Inc., 2008 OK 87, 194 P.3d 1285, the Court dealt with amended versions of the original statute. Those versions provided that a case "may be dismissed" if the plaintiff failed to show good cause for not serving summons within 180 days. In both cases, the Court held that because the Legislature used the word "may," dismissal was discretionary, in contrast to the original "shall" language, which commanded dismissal.
¶12 Here, we deal with yet another version of the statute, which was not at issue in Fischer or Willis. If an earlier version of a statute has been judicially interpreted, a legislative amendment is presumed to change the existing law. Samman v. Multiple Injury Trust Fund, 2001 OK 71, ¶ 13, 33 P.3d 302. By changing the language of section 2004(I) from "may" back to "shall," it appears the Legislature intended to replace the discretion to dismiss, recognized in Fischer and Willis where good cause is not shown, and return to the original statute's mandatory dismissal. See Oglesby v. Liberty Mut. Ins. Co., 1992 OK 61, ¶ 19, 832 P.2d 834 ("The use of 'shall' by the Legislature is normally considered as a legislative mandate equivalent to the term 'must', requiring interpretation as a command."). Even though the Supreme Court has not decided the specific issue in this case, that construction of the Legislature's intent regarding the 2013 amendment is consistent with the Court's interpretation of similar language in the original statute.
¶13 For example, in Mott, the Court stated that the second sentence of the 1986 version of section 2004(I) was clear and unambiguous: "If the plaintiff does not serve the defendant within 180 days of filing the petition then the action is considered dismissed as to that defendant as a matter of law." Mott v. Carlson, 1990 OK 10, ¶ 9, 786 P.2d 1247.
¶14 In Moore v. Sneed, 1992 OK CIV APP 107, 839 P.2d 682, this Court construed the original version of section 2004(I) and affirmed the dismissal as of the 181st day of an action for failure to serve summons within 180 days. In doing so, this Court noted that, in a prior appeal, the Supreme Court had ordered the case remanded because the 1989 amendment to section 2004(I) adding the good cause provision to the second sentence was a procedural amendment that should be applied retroactively. Consequently, the plaintiff was given the opportunity to show good cause for failing to serve summons within 180 days. This Court quoted from the Supreme Court's order: "If, following such hearing it is determined that no good cause for non-service has been shown, then the dismissal by operation of law in the instant case shall be deemed to have occurred on [the 181st day]." Id. ¶ 3. We implied the same result in Colclazier & Assocs. v. Stephens, 2012 OK CIV APP 45, 273 P.3d 1285.
¶15 Finally, this construction is consistent with the Supreme Court's holding regarding a related matter. In Stockbridge Energy, LLC v. Taylor, 2015 OK 61, 359 P.3d 181, the Supreme Court interpreted 12 O.S.2011 § 2012(G) in a manner that would prevent the filing of an amended pleading beyond the time permitted by the applicable statute of limitations or the one year savings clause in 12 O.S.2011 § 100, whichever was longer. In this case, the grace period of section 100 expired on March 4, 2014, one year after the case was deemed dismissed. But, the statute of limitations did not expire until January 27, 2015, two years after Thibault alleges he was injured. Interpreting section 2004(I) as Thibault argues would permit him to refile this case within one year of the district court's April 15, 2015 order, or fifteen months after the statute of limitations expired. And that date is fixed only because Garcia filed a motion to dismiss. Thibault's construction would permit an indefinite period within which a case could be refiled. That result is clearly inconsistent with the holding in Stockbridge, which provided a time limit beyond which a case may not be refiled. Stockbridge, 2015 OK 61, ¶ 8.
¶16 We agree with the Supreme Court's observation in Mott; the language "shall be deemed dismissed" is "clear." Mott, 1990 OK 10, ¶ 9. Consequently, "no further construction is required or permitted." Hathaway v. State ex rel. Med. Research & Tech. Auth., 2002 OK 53, n.13, 49 P.3d 740. If a plaintiff cannot show good cause for failing to serve summons within 180 days, the case or defendant not served "shall be deemed dismissed" as of the 181st day.
CONCLUSION
¶17 The language of 12 O.S. Supp. 2013 § 2004(I) is clear. If a plaintiff cannot show good cause for failing to serve summons within 180 days, the action or any defendant not served is deemed dismissed as of the 181st day. The district court's May 13, 2015 Journal Entry dismissing Thibault's case is affirmed, as modified, to reflect an effective date of dismissal as March 4, 2014, 181 days after the case was filed.
¶18 AFFIRMED AS MODIFIED. 
RAPP, J., and GOODMAN, J., concur.
FOOTNOTES
[1] Thibault also raised alternative policy arguments, which the district court rejected, as to why the court should exercise its discretion and not dismiss the case. Those arguments are not addressed in this Opinion because Thibault did not appeal the district court's ruling.
[2] However, our disposition of this appeal by holding that Thibault's case was deemed dismissed before he filed his amended petition effectively resolves the issue.




 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1992 OK CIV APP 107, 839 P.2d 682, 63 OBJ 3349, Moore v. Sneed
Discussed at Length
 2012 OK CIV APP 45, 277 P.3d 1285, COLCLAZIER & ASSOCIATES v. STEPHENS
Discussed at Length
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1990 OK 10, 786 P.2d 1247, 61 OBJ 309, Mott v. Carlson
Discussed at Length
 1992 OK 61, 832 P.2d 834, 63 OBJ 1368, Oglesby v. Liberty Mut. Ins. Co.
Discussed
 2001 OK 71, 33 P.3d 302, 72 OBJ 2703, SAMMAN v. MULTIPLE INJURY TRUST FUND
Discussed
 2002 OK 53, 49 P.3d 740, HATHAWAY v. STATE EX. REL. MEDICAL RESEARCH & TECHNICAL AUTHORITY
Discussed
 2000 OK 91, 14 P.3d 1292, 71 OBJ 3015, FISCHER v. BAPTIST HEALTH CARE OF OKLAHOMA
Discussed
 2003 OK 75, 77 P.3d 1069, HEFFRON v. DISTRICT COURT OF OKLAHOMA COUNTY
Discussed
 2008 OK 87, 194 P.3d 1285, WILLIS v. SEQUOYAH HOUSE, INC.
Discussed
 1996 OK 125, 932 P.2d 1100, 67 OBJ 3566, Neil Acquisition, L.L.C. v. Wingrod Investment Corp.
Discussed
 2013 OK 37, 302 P.3d 789, DOUGLAS v. COX RETIREMENT PROPERTIES, INC.
Discussed
 2015 OK 61, 359 P.3d 181, STOCKBRIDGE ENERGY, LLC v. TAYLOR
Discussed at Length
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 100, Limitation of New Action after Reversal or Failure Otherwise than on Merits
Cited
 12 O.S. 2004, 12 O.S. 2004, Process
Discussed at Length
 12 O.S. 2012, Defenses and Objections - When and How Presented - By Pleading or Motion
Cited
 12 O.S. 2015, Amended and Supplemental Pleadings
Cited