**Stevie T. MOORE, Appellant,**

v.

**Paul Joseph SNEED, Appellee.**

**No. 77720.**

Court of Appeals of Oklahoma,
Division 1.

Aug. 25, 1992.

Rehearing Denied Oct. 6, 1992.

Michael Gassaway, Oklahoma City, for appellant.

John Wiggins, Randall L. Sewell, Oklahoma City, for appellee.

## MEMORANDUM OPINION

GARRETT, Judge:

Stevie T. Moore (Appellant) sued Paul Joseph Sneed (Appellee) for personal injuries he received when Appellee, acting as a security guard, accidentally shot him on October 20, 1985. The petition was filed on August 5, 1987 (Case No. CJ–87–8724). Appellee was not served with summons until February 28, 1989. On March 20, 1989, Appellee filed a motion to dismiss the action because the summons was not served within 180 days of the filing of the petition as required by 12 O.S.Supp.1986 § 2004(I).[1] On April 14, 1989, the trial court ordered the case dismissed.

Appellee sought a rehearing of the order, arguing that the order should have stated the effective date of the dismissal was February 6, 1988, 180 days after the petition was filed, rather than the date the order was entered. Appellee also filed a Motion for Certification of Interlocutory Order for Appellate Review and a Petition for Certio-

---

1. 12 O.S.Supp. *1986* § 2004(I) provides:
   I. SUMMONS: TIME LIMIT FOR SERVICE. If service of process is not made upon a defendant within one hundred twenty (120) days after the filing of the petition and the plaintiff cannot show good cause why such service was not made within that period, the action may be dismissed as to that defendant without prejudice upon the court's own initia-
   tive with notice to the plaintiff or upon motion. If service of process is not made upon a defendant within one hundred eighty (180) days after the filing of the petition, the action shall be deemed to have been dismissed without prejudice as to that defendant. This subsection shall not apply to service in a foreign country. (Emphasis added).

rari of a Certified Interlocutory Order in the Oklahoma Supreme Court, under Appeal Number 74,354.

The Supreme Court entered an order on December 14, 1990, [in appeal number 74,-354] ruling that if a defendant is not served with process within 180 days of the filing of the petition, the action is considered dismissed, as a matter of law, effective on the 181st day following the filing of the petition, citing *Mott v. Carlson*, 786 P.2d 1247, 1250 (Okl.1990), and 12 O.S.Supp.1986 § 2004(I). The Court stated further:

> We further note that since the trial court entered its order herein the controlling statute has been amended. The statute, 12 O.S.1989 Supp. § 2004(I),[2] now provides that a plaintiff who has not served a defendant with process within 180 days of filing the petition shall be given the opportunity to show good cause for non-service. Because the amendment is strictly procedural in nature and does not affect substantive rights it should be given retroactive application. *Trinity Broadcasting Corp. v. Leeco Oil Co.*, 692 P.2d 1364, 1366 (Okl.1984).

> If, following such hearing it is determined that no good cause for non-service has been shown, then the dismissal by operation of law in the instant case shall be deemed to have occurred on February 5, 1988. The trial court shall proceed accordingly.

Appellee filed a petition for rehearing which was partially granted. The Court added the following underscored language to the first paragraph quoted above:

**2.** 12 O.S.Supp. *1989* § 2004(I) provides:
> If service of process is not made upon a defendant within one hundred twenty (120) days after the filing of the petition and the plaintiff cannot show good cause why such service was not made within that period, the action may be dismissed as to that defendant without prejudice upon the court's own initiative with notice to the plaintiff or upon motion. If service of process is not made upon a defendant within one hundred eighty (180) days after the filing of the petition *and the plaintiff cannot show good cause why such service was not made within that period,* the action shall be deemed to have been dismissed without prejudice as to that defendant.

> [B]ecause the amendment is strictly procedural in nature and does not affect substantive rights, it should be given retroactive application *unless plaintiff's claim is already time barred....* (Citation omitted) (Emphasis added).

The following paragraph was also added:

> This cause is remanded to the trial court for a determination whether 12 O.S.Supp.1989 § 2004(I) should be applied in this case.

During the pendency of the above rulings, Appellant filed a second petition in the trial court (Case No. CJ–89–3429) on April 14, 1989, the same day the trial court dismissed the first case. The second petition makes the same factual allegations as the first petition. Appellant contends the second case was timely filed pursuant to the "savings" statute, 12 O.S.1981 § 100. It provides:

> If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff, or, if he should die, and the cause of action survive, his representatives may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed.

On June 7, 1991, per order filed June 25, 1991, the trial court dismissed both cases. The first case (CJ–87–8724) was dismissed without prejudice, as of February 5, 1988, for Appellant's failure to obtain service on Appellee within 180 days as required by 12

> The action shall not be deemed to have been dismissed where a summons was served on the defendant within one hundred eighty (180) days after the filing of the petition and a court later holds that the summons or its service was invalid. After a court quashes a summons or its service, a new summons may be served on the defendant within a time specified by the judge. If the new summons is not served within the specified time, the action shall be deemed to have been dismissed without prejudice as to that defendant. This subsection shall not apply with respect to a defendant who has been *outside of this state* for one hundred eighty (180) days following the filing of the petition. (Emphasis added).

O.S. § 2004(I). The second case (CJ-89-3429) was dismissed for failure to file the action timely. The court stated:

Defendant, Paul Joseph Sneed, has also brought before this Court a Motion to Dismiss regarding Plaintiff's claims against him in case number CJ-89-3429. Said claims are identical to those claims brought in case number CJ-87-8724. Defendant, Paul Joseph Sneed, requests this Court to enter a dismissal due to Plaintiff's failure to bring case number CJ-89-3429 within the applicable statute of limitations. A review of the record reflect (sic) that the underlying incident occurred on October 20, 1985. Pursuant to 12 O.S. § 95, Plaintiff had either one year (assault and battery) or two years (tort—personal injury) to bring an action against Defendant, Paul Joseph Sneed. *Plaintiff also arguably had one year from the February 5, 1988, dismissal to refile an action against Defendant Sneed.* The Court finds that Plaintiff failed to file case number CJ-89-3429 against Defendant Paul Joseph Sneed, within the one year and, thus, dismissal is appropriate. (Emphasis added).

Appellant contends the trial court erred in dismissing the actions because the Supreme Court simply ordered the trial court to determine whether § 2004(I) applied. He also states the first action was timely commenced, having been filed August 5, 1987, well within 2 years of the date of injury. Appellant contends the evidence shows Appellee was outside the state of Oklahoma for 2 years and could not be served; thus, Appellant contends the statute was tolled during that time. Appellant contends further that 12 O.S.1981 § 100 allows this action to be timely filed [on April 14, 1989] because the Supreme Court approved April 14, 1989 as the effective date of dismissal. As shown above, however, the Supreme Court did not make that ruling.

In the Supreme Court's order of April 22, 1991, Appellant was to be given an opportunity to show good cause, and thus get the benefit of the amended statute, if his claim was not already time barred at the time the amended statute became effective. The effective date of the amendment is November 1, 1989. The trial court held that the first action was dismissed without prejudice as to Appellee as of February 5, 1988, because Appellee was not served with process within 180 days. The second action (CJ-89-3429) was dismissed because the petition was not filed within one year of February 5, 1988, or either of the two applicable statutes of limitations under 12 O.S.1981 § 95. Thus, the trial court, in effect, found that the 1989 amendment of 12 O.S. § 2004(I) did not apply to this case.

▆▆▆ Appellant contends that good cause was shown for non-service, and that therefore the dismissal was effective April 14, 1989. However, under the 1986 statute, a plaintiff had no opportunity to show good cause for the failure to obtain service within 180 days. The provision for showing good cause for such failure was not included in § 2004(I) until the amendment in 1989. Moreover, the tolling of the statute because Appellee was outside of the state for two years after the petition was filed is also inapplicable. This provision also did not appear in the statute until the 1989 amendment. The first action was properly deemed dismissed as of February 2, 1988,[3] [the 181st day] because of untimely service. See *Mott v. Carlson,* 786 P.2d 1247 (Okl.1990). The second action was not filed by February 2, 1989, and was therefore not "commenced within due time" as required by 12 O.S.1981 § 100. Because the 1989 amendment was not effective until November 1, 1989, the action was already time barred. Thus, under the Supreme Court order in case number 74,354, the 1989 amendment does not apply to this case.

---

**3.** The parties, the trial court, and the Supreme Court all appear to have erroneously considered February 5, 1988, to have been 180 days after August 5, 1987, when the case was filed. It was 6 months, but not 180 days. One hundred eighty (180) days is a different period of time from 6 months. The 180th day after August 5, 1987, was February 1, 1988, not February 5. Thus, the first action should have been deemed dismissed on February 2, 1988, the 181st day. However, under the facts of this case, this is harmless error.

This Court is aware of the recent case, *Ross v. Kelsey Hayes, Inc.*, 825 P.2d 1273 (Okl.1991), in which the Supreme Court stated that 12 O.S.1981 § 100 may be used to extend the statute of limitations for one year from a voluntary dismissal if the plaintiff has not served a defendant in the original cause. 825 P.2d at 1276. *Ross* is distinguishable. The original petition was filed within the time period allowed by law and was not barred by any statute of limitations. The case did not address the issue of plaintiff's failure to serve the defendant after the 121st day or after the 181st day. Thus, *Ross* did not involve an action dismissed by operation of law because the summons was not served within 180 days after the case was filed. Even though the statute of limitations would have otherwise barred the action when the second petition was filed, Section 100 saved the *Ross* plaintiff's action upon refiling because the case was refiled within one year after the first case was dismissed.

We are also aware of the change in the Oklahoma Pleading Code, 12 O.S.Supp.1984 § 2001 et seq., wherein an action is deemed commenced when the petition is filed (See 12 O.S.Supp.1984 § 2003), rather than when the defendant is served with process (12 O.S.1981 § 97 (Repealed)). However, we cannot overlook § 2004(I) which provides that the "action *shall* be deemed to have been dismissed" if service is not obtained within 180 days. (Emphasis added).

Section 100 does not apply because the second petition was not filed within one year after the first petition was deemed dismissed.

AFFIRMED.

ADAMS, P.J., and JONES, J., concur.