2017 OK CIV APP 31

**HOUGH OILFIELD SERVICE, INC.,**
**d/b/a Hotco, Plaintiff/Appellant,**

v.

**Randall NEWTON and Linda Newton,**
**Defendants/Appellees.**

**Case Number: 113834**

Court of Civil Appeals of Oklahoma, Division No. 4.

Decided: 09/22/2016

Mandate Issued: 06/06/2017

Rehearing Denied 10/31/2016

further proceedings consistent with this Opinion.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 While employed with Appellant, Linda embezzled company money for personal use. The State of Oklahoma charged her with two counts of embezzlement and one count of forgery. After she pled guilty on all counts, the court sentenced her on June 21, 2013, to a suspended sentence of seven years in the custody of the Oklahoma Department of Corrections, the first year to be spent under house arrest. The court also ordered her to make restitution in the amount of $175,787.05.

¶ 3 Appellant filed suit against Appellees on March 21, 2012, alleging Linda embezzled at least $171,000 [1] and that the monies unjustly enriched Randall Newton. Appellant did not, however, serve any summons on Appellees.[2] In response to a motion to compel discovery, Appellees entered a special appearance and moved to dismiss the suit for failure to serve summons within 180 days as required by statute. On July 3, 2014, the trial court granted the motion and dismissed the case without prejudice deeming the case dismissed as a matter of law on September 18, 2012, the 181st day after Appellant filed suit.

¶ 4 On July 14, 2014, eleven days after the dismissal, Appellant re-filed its suit. Appellees filed a motion to dismiss, alleging the statute of limitations period barred the second action. The trial court noted the case was dismissed as a matter of law on September 18, 2012, and held that because the limitations period had lapsed, the savings statute— 12 O.S.2011 100—required Appellant to re-file its suit within one year of the deemed dismissal. Appellant had not refiled the action by September 18, 2013, and the trial court held the action was time-barred and dismissed the case with prejudice.

Keith A. Ward, KEITH A. WARD, PLLC, Tulsa, Oklahoma, for Plaintiff/Appellant.

S. Corey Stone, PETTIS & STONE, Shawnee, Oklahoma, for Defendants/Appellees.

JANE P. WISEMAN, PRESIDING JUDGE:

¶ 1 Appellant Hough Oilfield Service, Inc., appeals a trial court order dismissing its suit against Appellees Linda Newton and Randall Newton. After review, we affirm the dismissal as to Randall Newton, reverse the dismissal as to Linda Newton, and remand for

---

1. Appellant asserts in its appellate brief that Linda stole more than $200,000 while working for Appellant. Appellees in their appellate brief object to this statement as being without evidentiary support in the record.

2. Appellant's counsel in this first case withdrew about 18 months after the case was filed, and present counsel entered his appearance for Appellant.

¶ 5 Appellant then filed a motion for new trial contesting the trial court's interpretation of the case law regarding a deemed dismissal date and asserting the trial court should apply the longer limitations period applicable to individuals "incarcerated or under the supervision of a state, federal or local correctional facility." The trial court rejected these arguments and denied the motion for new trial. Appellant now appeals from the dismissal of the second lawsuit.

## STANDARD OF REVIEW

■ ¶ 6 We are asked to determine the relationship and effect of Oklahoma Statutes Title 12, 2004(I) [3] and 100 regarding an action's deemed dismissal after the 180-day limit for serving summons has passed. "Statutory interpretation, entailing a legal issue, demands a *de novo* review standard, i.e. a review in which an appellate court has plenary, independent and non-deferential authority to reexamine a trial court's legal rulings." *Barnhill v. Multiple Injury Trust Fund,* 2001 OK 114, ¶ 8, 37 P.3d 890 (footnotes omitted). We must also address whether Appellant's claims are time-barred pursuant to 12 O.S.2011 95. "Although limitations issues may involve mixed questions of fact and law, generally, they are reviewed in this Court as questions of law." *Woods v. Prestwick House, Inc.,* 2011 OK 9, ¶ 14, 247 P.3d 1183.

## ANALYSIS

¶ 7 Appellant lists two grounds for reversal—trial court error in its application of the savings statute to the re-filed claim and the trial court's failure to apply the five-year limitation period set forth in 12 O.S.2011 95(A)(7).

### I.

■ ¶ 8 Oklahoma law allows a party to bring a new action within one year of the plaintiff failing "otherwise than upon the merits." 12 O.S.2011 100. Provided the initial action was timely filed, this "savings statute" allows a plaintiff to refile a previously dismissed suit within a year of the failure, even though the limitation period has expired.

■ ¶ 9 The trial court found the applicable statute of limitations was 12 O.S.2011 95(A)(3), which provides in relevant part that "an action for taking, detaining, or injuring personal property, including actions for the specific recovery of personal property; an action for injury to the rights of another, not arising on contract" must be brought within two years. The court held that the original petition, filed March 12, 2012, was timely filed pursuant to 95(A)(3) and Appellant had 180 days from the filing of the petition to serve Appellees. Because Appellant did not serve Appellees within 180 days, the case was deemed dismissed as of September 18, 2012, giving Appellant until September 18, 2013, to refile its petition pursuant to 100. Appellant did not refile its petition until July 14, 2014, and the trial court, concluding Appellant's claims were time-barred, dismissed the re-filed case.

¶ 10 We conclude the trial court correctly applied 12 O.S.2011 95(A)(3) to Appellant's claims against Randall Newton and correctly held these claims could not be "saved" by 12 O.S.2011 100 and were thus time-barred. For the reasons discussed in Part II of this Opinion, we conclude the five-year limitations period in 12 O.S.2011 95(A)(7), not the two-year period in 12 O.S.2011 95(A)(3), is the applicable statute of limitations for Appellant's claims against Linda Newton and this period had not expired when Appellant filed its second petition.

¶ 11 When an action is filed and the required service of process is not effected within 180 days of the filing, "the action shall be deemed to have been dismissed without prejudice as to that defendant." 12 O.S.2011 2004(I). The statute does not address the date the action is deemed dismissed, but the Supreme Court has provided clear guidance.

■ ¶ 12 If a defendant is not served within the specified 180-day period, the action is deemed dismissed as of the 181st day. *Moore v. Sneed,* 1992 OK CIV APP 107, ¶ 3, 839

**3.** Title 12 O.S.2011 2004 was amended effective January 1, 2013, but subsection (I) remained unchanged.

P.2d 682 (citing a Supreme Court order involving the same parties in Case No. 74,354). In *Moore*, the plaintiff failed to serve the defendant within 180 days of the petition's filing. *Id.* 1. The trial court dismissed the action. *Id.* Arguing the date of the dismissal should be 180 days after the petition's filing, not the date of the dismissal order, defendant filed a petition for certiorari in the Oklahoma Supreme Court on a certified interlocutory order. *Id.* 2.

¶ 13 In its order in *Moore*, the Supreme Court noted that, due to an amendment to 12 O.S. 2004(I), the trial court must provide the plaintiff an opportunity to show good cause for the lack of service. *Id.* 3. If plaintiff does not show good cause, the court considers the action "dismissed, as a matter of law, effective on the 181st day following the filing of the petition." *Id.* Although the court retains jurisdiction to make the good cause determination, if no good cause is shown, the dismissal date is deemed the day after the end of the 180-day period. *Id.*[4]

¶ 14 The trial court correctly applied 12 O.S.2011 2004(I) and 100. Appellant argues that the dismissal date should be the date the court enters the dismissal order, not the 181st day after failure to serve. Its argument centers on the court's continuing jurisdiction between the 181st day and the dismissal order—the "failure" of an action at day 181 would extinguish the jurisdiction of the court, eliminating the court's ability to enter a dismissal order. This position is creative, but Appellant does not support its premise with any legal citation, nor does Appellant cite any definition of "failure" in the context of 100.

¶ 15 The continuing jurisdiction of the court, from day 181 to the dismissal order, to consider "good cause" is not determinative in identifying the deemed dismissal date. The Supreme Court's order in *Moore* clearly states an action without service is deemed dismissed, as a matter of law, from the 181st day. Appellant does not distinguish *Moore*.

The court's jurisdiction to consider whether a plaintiff had good cause for the failure does not affect the dismissal date of the action. Without good cause, the case is dismissed as of day 181.

¶ 16 Considering the Supreme Court's reasoning in *Moore*, and because the trial court correctly applied 12 O.S.2011 2004(I) and 100, we affirm the court's dismissal of the refiled claim as it applies to Randall Newton.

## II.

¶ 17 Oklahoma law provides additional time for criminal victims under certain circumstances to bring civil actions against a wrongdoer. Title 12 of the Oklahoma Statutes 95(A)(7) provides:

> An action based on intentional conduct brought by any person for recovery of damages for injury suffered as a result of criminal actions, as defined by the Oklahoma Statutes, may be brought against any person incarcerated or under the supervision of a state, federal or local correctional facility on or after November 1, 2003:
>
> a. at any time during the incarceration of the offender for the offense on which the action is based, or
>
> b. within five (5) years after the perpetrator is released from the custody of a state, federal or local correctional facility, if the defendant was serving time for the offense on which the action is based.

12 O.S.2011 95(A)(7).

¶ 18 Appellant argues that Linda is "serv[ing]" a sentence of seven years in the Oklahoma Department of Corrections, [and] the five-year statute of limitations will not begin to run until she has completed her sentence." According to Appellant, Linda "served a year of her sentence in a 'local correctional facility' from 2013 to 2014 in the [DOC]" pursuant to the court's judgment, and Appellant's "claims in this case are not

---

**4.** Appellant relies on *Ross v. Kelsey Hayes, Inc.,* 1991 OK 83, 825 P.2d 1273, to establish that an action dismissed without prejudice in which the defendants have not been served with summons may be refiled within one year of the dismissal pursuant to 12 O.S. 100. *Ross,* however, involved the plaintiff's voluntary dismissal of his case without service and did not involve the application or construction of 12 O.S.2011 2004(I) and its "shall be deemed dismissed" language.

time-barred until, at the earliest, the year 2018."

¶ 19 Linda pled guilty to three felony counts—one of 2nd degree forgery and two of embezzlement. For each of the three counts, Linda was "[s]entenced to a term of 7 years to be served in the Oklahoma Department of Corrections. This sentence is to be served: 1 year subject to house arrest; [a]ll counts to run concurrently with one another." In short, Linda was sentenced, subject to specified rules and conditions of probation, to a 7-year term of imprisonment with all suspended except one year of house arrest with an ankle monitor and DOC supervision for two years.[5]

¶ 20 Appellant brought this action to recover damages sustained as a result of Linda's intentional, admitted, criminal conduct of embezzlement. She was sentenced to 7 years for each count, to run concurrently, to be served under the custody and control of the Oklahoma Department of Corrections, including one year of house arrest and two years of DOC supervision. It is hard to see how we could say Linda was not under DOC supervision during her seven-year sentence, and more specifically during her house arrest, or that a one-year sentence under house arrest in DOC custody falls outside the meaning of 12 O.S.2011 95(A)(7). To qualify for suspension of the balance of the 7-year sentence, Linda was required to agree to remain in DOC custody for one year with an ankle monitor, from which, presumably, she was released in June 2014 followed by another year of DOC supervision. To adopt Linda's interpretation of 95(A)(7) suggests drawing a finer analytical line than we think the circumstances here will fairly allow.

¶ 21 Appellant's July 14, 2014, petition was filed within five years from the time Linda was released from house arrest when she was serving time for embezzlement and forgery on which Appellant's action was based. Finding the definition of "under the supervision" in the statute to include a defendant serving a sentence for house arrest under DOC supervision for an offense giving rise to the civil action for which she is being sued is not contrary to the statute's obvious intent. The law is clearly designed to allow crime victims extended time to file actions when the defendant's criminal activity resulted in both DOC custody and supervision and the present civil lawsuit. The interpretation urged by Appellant serves the intended purpose of the statute which, in our view, clearly contemplates the circumstances extant here. The second petition was timely filed as to Linda Newton pursuant to 95(A)(7).

## CONCLUSION

¶ 22 Appellant's claims against Randall Newton were time-barred and cannot be salvaged by the savings statute; no trial court error occurred in dismissing Appellant's claims against him. Appellant's lawsuit against Linda Newton is not time-barred, and it was error to dismiss the claims against her. We affirm in part, reverse in part, and remand for further proceedings as to Linda Newton only.

¶ 23 **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.**

GOODMAN, C.J., and FISCHER, J., concur.

---

5. See the court's docket sheet minute entry, the Judgment and Sentence, the Application for Deferred or Suspended Sentence, and the Court Referral Slip, all dated June 21, 2013, in the Payne County criminal case, CF-2012-303.