COLE v. JOSEY



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:COLE v. JOSEY

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 COLE v. JOSEY
2019 OK 39
Case Number: 116600
Decided: 05/29/2019
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2019 OK 39, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 



AMANDA COLE, Plaintiff/Appellant,
v.
SAMANTHA JOSEY, Defendant/Appellee.

ON CERTIORARI TO THE OKLAHOMA COURT OF CIVIL APPEALS DIVISION II

¶0 The plaintiff, Amanda Cole, was injured in an automobile accident and sued the defendant, Samantha Josey. Plaintiff failed to serve process on the defendant within 180 days. The trial court dismissed the suit without prejudice. The plaintiff then refiled her petition within one year of the date of the order dismissing her case. The trial court dismissed her suit for failure to refile within one year of the 181st day following the filing of her original petition. Plaintiff appealed this decision. The Oklahoma Court of Civil Appeals affirmed the trial court. We granted certiorari and now reverse the trial court's decision and remand the matter to the trial court for further proceedings consistent with this opinion.

CERTIORARI GRANTED PREVIOUSLY; THE OPINION OF THE OKLAHOMA COURT OF CIVIL APPEALS IS VACATED; TRIAL
COURT ORDER DATED NOVEMBER 9, 2017, IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION

Barry K. Roberts, Norman, Oklahoma, for Plaintiff/Appellant.
Reign Karpe and Tayler Lane, Angela D. Ailles & Associates, Oklahoma City, OK, for Defendant/Appellee.


COMBS, J.:
I. FACTS AND PROCEDURAL HISTORY
¶1 This negligence cause of action pertains to injuries and damages caused by the Appellee, Samantha Josey, against the Appellant, Amanda Cole, in an automobile accident. The accident occurred on May 15, 2013, and Cole filed her petition on April 29, 2015, in Cleveland County, Oklahoma, Case No. CJ-2015-508. On October 26, 2015, 180 days had passed since the petition was filed and no summons was recorded as issued and no service was accomplished. On November 16, 2015, Josey appeared specially and filed a motion to dismiss for lack of service within 180 days of filing the petition as required by "12 O.S. § 2004 (I)."[1] The trial court granted the motion and dismissed the first cause of action without prejudice on January 4, 2016. On January 3, 2017, Cole refiled her petition in McClain County, Oklahoma, Case No. CJ-2017-1. Josey filed another special appearance and again moved to dismiss the petition on July 14, 2017. She asserted the first petition was deemed dismissed on the 181st day, October 27, 2015, and Cole did not refile her petition within one year of that date pursuant to the "savings statute," 12 O.S. 2011, § 100. The district court agreed with Josey and granted her motion to dismiss by an order filed November 9, 2017. It determined, Cole's petition in the Cleveland County case was deemed dismissed on October 27, 2015, and was not refiled within one year of its dismissal in accordance with "12 O.S. § 100." Therefore, the McClain County petition, filed January 3, 2017, was untimely.
¶2 On December 8, 2017, Cole filed a petition in error with this Court. The case was assigned to the Oklahoma Court of Civil Appeals, Div. II. The appellate court affirmed the district court ruling on September 7, 2018. Cole filed a petition for rehearing which was denied. She then filed a petition for certiorari with this Court which was granted on April 1, 2019 and assigned to this office on the same day.
II. STANDARD OF REVIEW
¶3 The first impression question before us is one of law. A legal question involving statutory interpretation is reviewed de novo, i.e., by a non-deferential, plenary and independent examination of the trial court's legal ruling. Samman v. Multiple Injury Trust Fund, 2001 OK 71, ¶8, n.5, 33 P.3d 302. In the interpretation of statutes, courts do not limit their consideration to a single word or phrase in isolation to attempt to determine their meaning, but construe together the various provisions of relevant legislative enactments to ascertain and give effect to the legislature's intention and will, and attempt to avoid unnatural and absurd consequences. McNeill v. City of Tulsa, 1998 OK 2, ¶11, 953 P.2d 329. In construing statutes, harmony, not confusion, is to be sought and when parts of an act are reasonably susceptible of a construction which will give effect to both and to the words of each, without violence to either, such construction should be adopted in preference to one which, though reasonable, leads to the conclusion that there is a conflict. Rogers v. Oklahoma Tax Commission, 1952 OK 388, ¶17, 263 P.2d 409.
III. ANALYSIS
¶4 The sole issue on appeal is whether the refiling of a petition after the first petition is dismissed on the grounds that service was not made within 180 days must take place within one year of the finality of the order dismissing the case or within one year from the 181st day of filing the petition. We hold, the day after the filing of an appealable order dismissing the case is the date from which the 12 O.S. 2011, § 100 "savings statute" one year refiling period begins, if the order is not appealed. Where the dismissal order is appealed the one year period commences on the day after the appeal is final. This issue has not been specifically addressed by this Court under these facts and under the version of the statute applicable to this action.
¶5 Two statutes are applicable to this case. Title 12 O.S. Supp. 2014, § 2004 (I) and 12 O.S. 2011, § 100. Title 12 O.S. Supp. 2014, § 2004 (I) provides:
I. SUMMONS: TIME LIMIT FOR SERVICE. If service of process is not made upon a defendant within one hundred eighty (180) days after the filing of the petition and the plaintiff cannot show good cause why such service was not made within that period, the action shall be deemed dismissed as to that defendant without prejudice. The action shall not be dismissed if a summons was served on the defendant within one hundred eighty (180) days after the filing of the petition and a court later holds that the summons or its service was invalid. After a court quashes a summons or its service, a new summons may be served on the defendant within a time specified by the judge. If the new summons is not served within the specified time, the action shall be deemed to have been dismissed without prejudice as to that defendant. This subsection shall not apply with respect to a defendant who has been outside of this state for one hundred eighty (180) days following the filing of the petition.
Title 12 O.S. 2011, § 100 ("savings statute") provides:
If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff, or, if he should die, and the cause of action survive, his representatives may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed.
¶6 The trial court and Josey relied heavily on non-precedential opinions of the Oklahoma Court of Civil Appeals interpreting these two statutes. The trial court's order cited exclusively to Thibault v. Garcia, 2017 OK CIV APP 36, 398 P.3d 331. In Thibault, the sole issue was whether a petition not served within 180 days was deemed dismissed on the 181st day after filing or on the date the court ordered the petition dismissed. Thibault, 2017 OK CIV APP 36 at ¶9. Thibault held the current version of 12 O.S. § 2004 (I) "requires that a petition not served in compliance with that statute be deemed dismissed 181 days after it was filed." Id. The Court of Civil Appeals modified the trial court's journal entry of judgment to reflect that the date of dismissal occurred on the 181st day after the petition was filed. Id., ¶17.
¶7 In her July 14, 2017, motion to dismiss, Josey relied upon two other Court of Civil Appeals opinions, Hough Oilfield Service, Inc. v. Newton, 2017 OK CIV APP 31, 396 P.3d 320, and Moore v. Sneed, 1992 OK CIV APP 107, 839 P.2d 682. Both of these opinions followed the non-precedential orders of this Court in a related appeal in Moore.[2] The Moore orders are based on this Court's opinion in Mott v. Carlson, 1990 OK 10, 786 P.2d 1247.
¶8 In Hough, the plaintiff filed suit on March 21, 2012, to recover embezzled funds but did not obtain service within 180 days. Hough Oilfied Service, Inc., 2017 OK CIV APP 31 at ¶¶2-3. The defendants moved to dismiss. Id., ¶3. The trial court granted the defendants' motion to dismiss on July 3, 2014, but found in its order that the case was deemed dismissed on September 18, 2012, which was the 181st day after the filing of the petition. Id. The plaintiff then refiled its petition on July 14, 2014, and the defendants again moved to dismiss. Id., ¶4. The trial court granted the dismissal and held the plaintiff failed to refile its petition by September 18, 2013, which it was required to do pursuant to 12 O.S. 2011, § 100. The plaintiff appealed the order. In affirming the trial court's order, the Court of Civil Appeals held 12 O.S. 2011, § 2004 (I) does not address the date the action is deemed dismissed, but the Supreme Court had provided clear guidance in Moore v. Sneed, 1992 OK CIV APP 107, 839 P.2d 682; "[t]he Supreme Court's order in Moore clearly states an action without service is deemed dismissed, as a matter of law, from the 181st day." Id., ¶¶ 11-15.
¶9 Moore has a similar fact pattern to Hough. The plaintiff filed suit but did not serve the defendant within 180 days. Moore, 1992 OK CIV APP 107 at ¶1. The trial court granted the defendant's motion to dismiss for failure to serve process pursuant to 12 O.S. Supp. 1986, § 2004 (I). Id. The plaintiff refiled his petition on the same day. Id. The defendant, however, petitioned the trial court to certify its order. Id., ¶2. He asserted the date of dismissal should not have been the date of the order but instead should have been the date it was deemed dismissed on the 181st day after filing the original petition. Id. The trial court certified its order and this Court granted certiorari. In an unpublished order dated April 22, 1991, we held:
The issues presented in this case are controlled by the decision in Mott v. Carlson, 786 P.2d 1247, 1250 (Okl. 1990). In that decision we held that if the plaintiff does not serve the defendant with process within 180 days of the filing of the petition, then the action is considered dismissed as to that defendant as a matter of law, according to 12 OS. [sic] Supp. 1986 § 2004(I). The opinion clearly indicates that the effective date of dismissal in such situations is none other than the 181st day following the filing of the petition.
The order also notes § 2004 (I) was amended in 1989 to allow a plaintiff who has not served a defendant with process within 180 days of filing of a petition to have an opportunity to show good cause for non-service. We held this amendment should be given retroactive application because it is procedural in nature unless plaintiff's claim is already time barred. The order remanded the matter to the trial court for a determination whether 12 O.S. Supp. 1989, § 2004 (I) should be applied in this case. Upon remand, the trial court held the first action was dismissed without prejudice on the 181st day after the petition was filed. Moore, at ¶7. The second action was dismissed because the petition was not filed within one year of that date. Id. Plaintiff appealed and the Court of Civil Appeals determined the trial court in effect found the 1989 amendment to § 2004 (I) did not apply to this case, because the effective date of the amendment occurred several months after the refiling period would have run. Id., ¶9. The Court of Civil Appeals affirmed the trial court's ruling. Id., ¶14.
¶10 Justice Summers, who was also the author of Mott v. Carlson, wrote a dissent to the April 22, 1991, order with Vice Chief Justice Opala joining. (Summers, J., Dissenting, filed December 18, 1990, in case no. 74,354). The dissent states in part:
Mott v. Carlson, in my judgment, does not resolve the question of when plaintiff s [sic] suit was dismissed for the purposes of refiling under 12 O.S. 1981 § 100. That question would be one of first impression. Any rule of law that would commence the time for a § 100 refiling when it was "deemed" dismissed under 12 O.S. Supp. 1984 § 2004 I (without notice to the plaintiff) would have to overcome serious obstacles in the form of an apparent lack of the process due under state and federal constitutions.
Justice Summers' dissent explains that Mott "does not resolve the question of when plaintiff s [sic] suit was dismissed for the purposes of refiling under 12 O.S. 1981 § 100." He believed the issue was at that time still one of first impression. Mott concerned 12 O.S. Supp. 1986, § 2004 (I) which allowed the court to dismiss an action after 120 days if there was no service made and the plaintiff could not show good cause for non-service. Mott, 1990 OK 10 at ¶4. This Court found no abuse of discretion and affirmed the judgment of the district court which dismissed the case because the plaintiff did not meet his burden of showing good cause. Id., ¶¶15-16. The timeliness of the refiling of plaintiff's petition pursuant to 12 O.S. 1981, § 100 was not an issue in Mott. Id., ¶2. In addition, there is no indication in Mott when an order dismissing the case was filed. The opinion offers no direct analysis of the issue of when does the one year period begin for refiling the petition under the "savings statute," 12 O.S. 2011, § 100, when there exists an order dismissing the action. A later opinion, also authored by Justice Summers, answers this question.
¶11 In Grider v. USX Corp., the plaintiff, Grider, sued various companies for fraud and embezzlement related to a failed oil and gas venture. 1993 OK 13, ¶2, 847 P.2d 779. Grider filed his petition in state court on February 22, 1985. Grider, 1993 OK 13 at ¶2. On September 29, 1986, he dismissed his case without prejudice and refiled the same day in federal court. Id. The federal suit contained all the claims in state court and added new allegations under the Racketeering Influenced and Corrupt Organizations Act (RICO) and antitrust violations. Id. On April 2, 1987, the federal court dismissed the suit because the complaint failed to state a RICO claim. Id., ¶3. With this dismissal, the pendent state claims were also dismissed. Id. Grider filed an appeal and on March 21, 1989, the Tenth Circuit Court of Appeals affirmed the dismissal. Id. On October 2, 1989, the U.S. Supreme Court denied certiorari. Id. Grider, thereafter, filed suit in state court on October 12, 1989. Id. The defendants filed motions to dismiss the suit alleging the claims were time-barred. Id. The trial court granted the motions on January 17, 1990. Id. Grider appealed and the Court of Civil Appeals affirmed. Id. The Court of Civil Appeals held, the time period allowed by 12 O.S. § 100 began when the federal district judge dismissed the action, rather than when the U.S. Supreme Court denied certiorari. Id. We granted certiorari and reversed and remanded for further proceedings. Id. 
¶12 In our opinion, we noted no party alleged the one year savings period ran from the date of Grider's voluntary dismissal; September 29, 1986. Grider, at ¶5. The opinion only answered the briefed issue, which was whether the one year refiling period under 12 O.S. § 100 started with the dismissal of the federal suit at the trial level or with the finality of the federal appeal. Id. We held the trigger date for the savings provision is the date the judgment of dismissal became final which was the date the U.S. Supreme Court denied certiorari and brought finality to the action. Id., ¶14. Therefore, the refiling of the petition in state court, which occurred ten days after the certiorari denial, was timely. Id., ¶¶3, 14.
¶13 This "finality" requirement, we determined, had been recently discussed by the Tenth Circuit Court of Appeals in Twashakarris, Inc., v. Immigration and Naturalization Serv., 890 F.2d 236 (10th Cir. 1989). Id., ¶9. In that opinion, the Tenth Circuit held the word "action" in 12 O.S. § 100 includes the initial judgment and any validly filed appeals that suspend the finality of the judgment. Id., ¶10. We found our previous opinions have consistently held a final adjudication is either one in which no appeal has been taken and the time for appeal has run or one in which an appeal has been filed and acted upon by the appellate court. Id., ¶11. The lodging of an appeal with this Court does not constitute a new action or an original proceeding, but is simply the continuation of the suit commenced in the trial court. Id. 
¶14 We found the majority of other jurisdictions with similar savings statutes overwhelmingly agree the time of commencement of the savings provision is the date the judgment is decided on appeal, not the date of determination in the trial court. Id., ¶13. These jurisdictions agree that the plaintiff should not be forced to choose between an appeal and a refiling of the claim to preserve rights given under a savings statute. Id. The date of finality of the order of dismissal is the determinative date and a judgment is not final, in this context, until the opportunity for appeal has passed or the appeal has been acted upon. Id., ¶14. The finality occurred when the U.S. Supreme Court denied certiorari. Id. We concluded:
Any other decision could result in a waste of judicial time and resources, because a decision on appeal could negate any need for the refiling of a claim. Requiring the filing of a suit in District Court to proceed simultaneously with an appeal on the same issue would not be judicially efficient.
Id.
¶15 Title 12 O.S. 2014, § 2004 (I) allows a plaintiff to show good cause why service was not made within 180 days from the date the petition was filed. Mott notes this provision was added in the 1989 amendment to the statute, which Mott found was not applicable to its decision. Mott v. Carlson, 1990 OK 10, ¶9, n.5, 786 P.2d 1247. The 2014 version of the statute reads in part:
If service of process is not made upon a defendant within one hundred eighty (180) days after the filing of the petition and the plaintiff cannot show good cause why such service was not made within that period, the action shall be deemed dismissed as to that defendant without prejudice.
In 2017, this language was changed to read: "and the plaintiff cannot show has not shown good cause why such service was not made within that period...." 2013 Okla. Sess. Laws c. 305, §1. Even assuming this provision is procedural and may be applied retroactively[3] it is only setting a time limit for the plaintiff to establish "good cause" for not serving process, i.e, requiring the plaintiff to move to make such a showing prior to the expiration of the 180 day period. This 2017 amendment, however, does not change our analysis as to "finality" for purposes of determining when the "savings statute" period is to commence.
¶16 Section 2004 (I) does not, as mentioned in Hough, define "deemed dismissed" nor does it attempt to tie this provision to the 12 O.S. 2011, § 100 "savings statute." Grider is applicable in determining when the "savings statute" period commences. The one year period in 12 O.S. 2011, §100 begins to run when there is finality in the judgment. A case dismissed pursuant to § 2004 (I) still needs a final appealable order to begin this process. The one year period begins the day after there is finality to the appeal or on the day after the order is filed if the judgment is not appealed. The best interpretation of the "deemed dismissed" language is that after the expiration of the 180 days under § 2004 (I), grounds for dismissal have ripened.[4] However, the dismissal will not be final for purposes of 12 O.S. 2011, § 100 until, at the earliest, a final appealable order is filed. This interpretation does not render the language "deemed dismissed" superfluous and harmonizes 12 O.S. 2014, § 2004 (I) and 12 O.S. 2011, § 100. Action by a court is still needed to bring finality and begin the running of the one year "savings statute" period for refiling. To hold otherwise could prevent a plaintiff's right to appeal the dismissal. An appeal requires a final appealable order. 12 O.S. 2011, § 990A, Okla.Sup.Ct.R. 1.21 (a). If a case was "deemed dismissed" by operation of law on the 181st day after filing of the petition and no order granting the dismissal was entered within one year of that date, the plaintiff would have no right to appeal before they would lose their right to refile their cause of action. Without such an order any attempted appeal of an action "deemed dismissed" as a matter of law would be premature. There would be grave due process violations with such an automatic dismissal or with a retroactive application of the dismissal in a subsequent order. Even if an order dismissing the case is filed there are still problems with using the date "deemed dismissed" for refiling purposes. If the "savings statute" period automatically began to run from the 181st day, any properly filed appeal of an order dismissing the action pursuant to § 2004 (I) may be pointless if the time for the disposition of the appeal took longer than the one year period. An appellant who was not successful on appeal would be prohibited, under that interpretation and scenario, from refiling their action pursuant to 12 O.S. 2011, § 100. In addition, as Grider pointed out, requiring the plaintiff to both refile their petition and simultaneously file an appeal is a needless waste of judicial economy when considering the successful plaintiff/appellant would not have needed to refile their petition. As far as Mott v. Carlson may be interpreted to require the refiling of a petition within one year from the 181st day after the filing of the first petition, it is hereby overturned.
IV. CONCLUSION
¶17 The trial court, by written order, dismissed Cole's first suit on January 4, 2016, due to service of process not being made within 180 days of the date of the filing of her first petition. Cole refiled her suit in McClain County on January 3, 2017, within one year of the order of dismissal. For the above mentioned reasons, we hold Cole's second petition was timely filed. Certiorari was previously granted, the opinion of the Oklahoma Court of Civil Appeals is hereby vacated, the trial court's November 9, 2017, order is reversed and this matter is remanded to the trial court for further proceedings consistent with this opinion.
CERTIORARI GRANTED PREVIOUSLY; THE OPINION OF THE
OKLAHOMA COURT OF CIVIL APPEALS IS VACATED; TRIAL
COURT ORDER DATED NOVEMBER 9, 2017, IS REVERSED AND
REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS
OPINION

¶18 Gurich, C.J., Darby, V.C.J., Kauger, Winchester, Edmondson, Colbert and Combs, JJ., concur.

FOOTNOTES

[1] The first motion to dismiss filed November 16, 2015, did not specify which version of 12 O.S. §2004 (I) was applicable. In the McClain County case, she filed a motion to dismiss on July 14, 2017, and cited 12 O.S. 2011 § 2004 (I). The version of the law in effect at the time of the accident was 12 O.S. Supp. 2012, § 2004. Subsection (I) of § 2004 in the 2012 version is identical to the 2011 version of the statute and the record reflects the parties are relying upon the same statutory language. No party is contesting which version of the law is applicable to the case at hand. On June 4, 2013, and less than a month after the accident, this Court held a 2009 bill which, among many other things, added some of the language found in § 12 O.S. Supp. 2012, 2004 (I), was unconstitutional due to a single subject rule violation. Douglas v. Cox Retirement Properties, Inc., 2013 OK 37, 302 P.3d 789. The legislature immediately held a special session in September 2013 and re-added the 2009 amendments to § 2004 (I). 2013 Okla. Sess. Laws, c. 13, § 9 [1st Ext. Sess.], eff. December 8, 2013. This 2013 amendment is identical to the 2011 version and was the version in place when Cole refiled her petition in McClain County. However, this 2013 amendment did not make it into the 2013 Supplement of the Oklahoma Statutes and first appeared in the 2014 supplement. For clarity and for the purpose of this opinion, we will use the 2014 Supplement version of § 2004 (I) as the applicable version of the law. At all applicable times these versions contained the same language.

[2] The parties in Moore, were involved in two appellate matters. The first concerned a petition for certiorari of a certified interlocutory order in case no. 74,354, heard by the Supreme Court of Oklahoma, and the second concerned an appeal of the order of the trial court upon remand in case no. 77,720. This Court issued two orders in the certified interlocutory matter. The first was filed on December 14, 1990, and a second order, after a rehearing of the first order, was filed on April 22, 1991.

[3] See Trinity Broadcasting Corp. v. Leeco Oil Co., 1984 OK 80, ¶¶6-7, 692 P.2d 1364.

[4] The "deemed dismissed" date is a trigger for the trial court to enter an order of dismissal, thereby, providing a final appealable order.
 




 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1992 OK CIV APP 107, 839 P.2d 682, 63 OBJ 3349, Moore v. Sneed
Discussed at Length
 2017 OK CIV APP 31, 396 P.3d 230, HOUGH OILFIELD SERVICE, INC. v. NEWTON
Discussed
 2017 OK CIV APP 36, 398 P.3d 331, THIBAULT v. GARCIA
Discussed at Length
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1990 OK 10, 786 P.2d 1247, 61 OBJ 309, Mott v. Carlson
Discussed at Length
 1993 OK 13, 847 P.2d 779, 64 OBJ 597, Grider v. USX Corp.
Discussed at Length
 1952 OK 388, 263 P.2d 409, ROGERS v. OKLAHOMA TAX COMMISSION
Discussed
 2001 OK 71, 33 P.3d 302, 72 OBJ 2703, SAMMAN v. MULTIPLE INJURY TRUST FUND
Discussed
 2013 OK 37, 302 P.3d 789, DOUGLAS v. COX RETIREMENT PROPERTIES, INC.
Discussed
 1998 OK 2, 953 P.2d 329, 69 OBJ 208, McNEILL v. CITY OF TULSA
Discussed
 1984 OK 80, 692 P.2d 1364, 55 OBJ 2392, Trinity Broadcasting Corp. v. Leeco Oil Co.
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 100, Limitation of New Action after Reversal or Failure Otherwise than on Merits
Discussed at Length
 12 O.S. 990A, Appeal to Supreme Court of Oklahoma - Filing of Petition - Rules - Procedure - Dismissal
Cited
 12 O.S. 2004, 12 O.S. 2004, Process
Discussed at Length


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA