PEREZ v. VANDERSEE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:PEREZ v. VANDERSEE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 PEREZ v. VANDERSEE
2019 OK CIV APP 69
Case Number: 117636
Decided: 10/14/2019
Mandate Issued: 11/14/2019
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2019 OK CIV APP 69, __ P.3d __

 

SAMANTHA PEREZ, Plaintiff/Appellant,
v.
MARRIK VANDERSEE, Defendant/Appellee.

APPEAL FROM THE DISTRICT COURT OF
CUSTER COUNTY, OKLAHOMA

HONORABLE FLOYD DOUGLAS HAUGHT, TRIAL JUDGE

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS

Kevin Rehl, KEVIN REHL, PLLC (REHL LAW FIRM), Oklahoma City, Oklahoma, for Plaintiff/Appellant

Shanda McKenney, ANGELA D. AILLES & ASSOCIATES, Oklahoma City, Oklahoma, for Defendant/Appellee

P. THOMAS THORNBRUGH, JUDGE:

¶1 Plaintiff, Samantha Perez, appeals a decision of the district court finding that her automobile negligence suit against Defendant, Marrik Vandersee, was time barred. On review, we find that based upon the Oklahoma Supreme Court's recent clarification of the law applicable to the issue presented in matter in Cole v. Josey, 2019 OK 39, __P.3d ___ (petition for rehearing denied Sept. 9, 2019; mandate issued October 9, 2019), the trial court's decision must be reversed and the cause remanded for further proceedings.

BACKGROUND

¶2 Plaintiff Perez was injured in an automobile accident on November 17, 2014, and timely filed her petition on November 17, 2016, in Custer County, Oklahoma, Case No. CJ-2016-111. Although summons issued on the same date the petition was filed, service was not obtained.

¶3 On May 23, 2017, Defendant filed a special appearance and motion to dismiss based upon Plaintiff's failure to serve summons within 180 days as required by 12 O.S. Supp. 2014 § 2004(I). That motion was set for hearing on June 16, 2017.

¶4 On June 16, 2017, Plaintiff voluntarily dismissed her petition without prejudice to refiling for the stated reason that her counsel had emergency quintuple bypass heart surgery, and that as a result of his health and subsequent recovery she had been unable to effectuate service upon Defendant. As a result of the voluntary dismissal, no court order dismissing the case for failure to obtain service was entered.

¶5 On June 13, 2018, within one year of the voluntary dismissal, Plaintiff refiled her petition pursuant to the 12 O.S.2011 § 100 "savings statute," in Custer County Case No. CJ-2018-56.

¶6 Defendant filed a motion to dismiss Perez' suit for failure to re-file the lawsuit within one year of the "deemed dismissal" date, which was May 16, 2017. The trial court agreed with Defendant that the original petition was deemed dismissed on May 16, 2017, for failure to effect service within 180 days, and that Plaintiff had failed to refile her action within one year in accordance with 12 O.S. § 100. Plaintiff's timely motion for new trial was denied.

STANDARD OF REVIEW

¶7 At issue in this appeal is the district court's interpretation of 12 O.S. Supp. 2014 § 2004(I) and 12 O.S.2011, § 100. Legal questions involving statutory interpretation are subject to de novo review. Heffron v. District Court of Okla. County, 2003 OK 75, ¶ 15, 77 P.3d 1069. De novo review is non-deferential, plenary and independent. Neil Acquisition, L.L.C. v. Wingrod Inv. Corp., 1996 OK 125, n.1, 932 P.2d 1100.

ANALYSIS

¶8 The sole issue on appeal is whether the re-filing of a petition after the first petition is voluntarily dismissed without effecting service of summons within 180 days must take place within one year of the date of the voluntary dismissal or within one year from the date the petition was "deemed dismissed" under § 2004(I) for failure to make service.

¶9 On May 29, 2019, the Supreme Court issued its opinion in Cole v. Josey, 2019 OK 39, __P.3d__ (petition for rehearing denied Sept. 9, 2019; mandate issued October 9, 2019), where it stated at ¶ 16:

The one year period in 12 O.S. 2011, §100 begins to run when there is finality in the judgment. A case dismissed pursuant to § 2004 (I) still needs a final appealable order to begin this process. The one year period begins the day after there is finality to the appeal or on the day after the order is filed if the judgment is not appealed. The best interpretation of the "deemed dismissed" language is that after the expiration of the 180 days under § 2004 (I), grounds for dismissal have ripened.[4] However, the dismissal will not be final for purposes of 12 O.S. 2011, § 100 until, at the earliest, a final appealable order is filed.

(Emphasis in original; footnote omitted).

¶10 Here, there was no appealable order dismissing Plaintiff's original action because she exercised her right to voluntarily dismiss the action after the case was filed but before defendant was served. Thus, Plaintiff clearly was aware of the fact that the action had been dismissed. Despite this slightly different factual scenario, however, we find the reasoning of Cole v. Josey applies to the current case, and the savings period of 12 O.S.2011 § 100 did not start to run until June 16, 2017, when Plaintiff voluntarily dismissed the action. Therefore, Plaintiff's re-filing on June 13, 2018, was not time barred. Accordingly, we reverse the decision of the trial court, and find that Plaintiff's petition was timely pursuant to the one-year grace period provided by § 100.

¶11 The trial court's reliance upon the non-precedential opinions of this Court interpreting these two statutes in Thibault v. Garcia, 2017 OK CIV APP 36, 398 P.3d 331; Hough Oilfield Service, Inc. v Newton, 2017 OK CIV APP 31, 396 P.3d 230; and Moore v. Sneed, 1992 OK CIV APP 107, 839 P.2d 682, was reasonable. However, given the current interpretation of the relevant statutes, we are bound to reverse the trial court's decision and remand the case in accordance with the dictates of Cole v. Josey, supra.

CONCLUSION

¶12 The order of the trial court is reversed. This matter is remanded for further proceedings.

¶13 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

REIF, S.J. (sitting by designation), and FISCHER, P.J., concur.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1992 OK CIV APP 107, 839 P.2d 682, 63 OBJ 3349, Moore v. Sneed
Discussed
 2017 OK CIV APP 31, 396 P.3d 230, HOUGH OILFIELD SERVICE, INC. v. NEWTON
Discussed
 2017 OK CIV APP 36, 398 P.3d 331, THIBAULT v. GARCIA
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 2003 OK 75, 77 P.3d 1069, HEFFRON v. DISTRICT COURT OF OKLAHOMA COUNTY
Discussed
 1996 OK 125, 932 P.2d 1100, 67 OBJ 3566, Neil Acquisition, L.L.C. v. Wingrod Investment Corp.
Discussed
 2019 OK 39, COLE v. JOSEY
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 100, Limitation of New Action after Reversal or Failure Otherwise than on Merits
Discussed at Length
 12 O.S. 2004, 12 O.S. 2004, Process
Discussed


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA